No. 90-348

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

DAN J. DONOVAN and DEBORAH H. FOREMAN,
husband and wife,

        Plaintiffs and Appellants,

  -v-

GERRY GRAFF,

        Defendant and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Dan J. Donovan, Deborah H. Foreman, Denver, Colorado
(pro se)

      For Respondent:

          K. D. Peterson; Peterson, Schofield & Leckie;
Billings, Montana

FILED

Filed:

MAR 28 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs: February 28, 1991

Decided: March 28, 1991

Justice R. C. McDonough delivered the Opinion of the Court.

The plaintiffs Dan J. Donovan and Deborah H. Foreman appeal the order of the Montana Thirteenth Judicial District Court, Yellowstone County, denying their motions for relief from judgment under Rule 60(b)(1) M.R.Civ.P. and for reconsideration of their motion for summary judgment. The sole issue for review on this appeal is whether the District Court erred in denying these motions. We affirm.

Due to the nature of the motions at issue in this appeal, it is unnecessary for us to present an extensive recitation of the facts and procedural history of plaintiffs' underlying case. Donovan and Foreman filed a lawsuit against Graff for negligence based on the Montana Scaffolding Act, § 50-77-101, MCA, and a claim for loss of consortium. The plaintiff's filed their motion for summary judgment and brief in support thereof on the issue of liability on August 28, 1989, but did not file other supporting documents. Defendants filed their motion for summary judgment and all necessary supporting documents on September 1, 1989. The District Court filed its order and memorandum granting defendant's motion and denying plaintiffs' motion on December 18, 1989, and notice of entry of the judgment was filed on January 11, 1990.

In its memorandum the court noted that the plaintiff's did not file any documents to support the factual basis of their motion. Rather, the plaintiffs cited in their supporting brief the transcript of an earlier case in the Thirteenth Judicial District [Yellowstone County, DV 85-405] arising out of a contract between

the parties.  The court noted:

> It is important to note that the plaintiffs' other contentions . . . are not supported by evidence which this court may consider under Rule 4, Uniform District Court Rules.  The plaintiffs' contentions are made from an earlier action between the parties for breach of contract (DV 85-405), and from depositions associated with that case.  These contentions have been made without filing a copy of the transcript or deposition with this Court.  Rule 4 states:
>
>> "When any motion is filed making reference to discovery, the party filing the motion shall submit the relevant unfiled documents."
>
> Therefore, given the evidence presented which this Court may consider for summary judgment purposes, the plaintiffs have not met their burden of coming forward with evidence to raise a genuine issue of material fact. . . .

Donovan and Foreman did not appeal the December 18, 1989 order granting the defendant summary judgment within the 30 day time period from the notice of entry of judgment as required by Rule 5 M.R.App.P.

On March 14, 1990 Donovan and Foreman filed a timely motion for relief from judgment pursuant to Rule 60(b)(1) M.R.Civ.P. in conjunction with a motion for reconsideration of their earlier motion for summary judgment.  The District Court denied these motions in an order dated April 30, 1990.  The plaintiffs filed their notice of appeal of this order on May 30, 1990.

Donovan and Foreman's motion for relief from judgment is based on Rule 60(b)(1) M.R.Civ.P., which provides in pertinent part:

> **Rule 60(b).  Mistakes -- inadvertence -- excusable neglect -- newly discovered evidence -- fraud, etc.**  On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect

. . . . A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

Defendant Graff argues that Donovan and Foreman are simply attempting to extend the time for appeal with a Rule 60(b) motion attacking the District Court's grounds for granting summary judgment. Graff also contends that Donovan and Foreman are not entitled to relief on the grounds of mistake under Rule 60(b)(1) because they simply made a mistake in understanding the law regarding filing papers in support of a motion for summary judgment.

We agree. Donovan and Foreman devoted the majority of their initial brief to arguing the merits of the court's grant of summary judgment to the defendant. They do not even discuss the grounds for relief under Rule 60(b) until their reply brief. While an order denying a motion under Rule 60 (b) is final and appealable, the appeal from such denial brings up for review only the order of the denial itself and not the underlying judgment. 11 Wright and Miller, Federal Practice and Procedure, § 2871, pp. 258-59, 7 Moore's Federal Practice, § 60.30 [3], pp. 60-344, 60-345. Furthermore, we note that part of Donovan and Foreman's motion is entitled "reconsideration of plaintiffs' motion for summary judgment". Reconsideration of an earlier motion on its merits cannot be the subject of a Rule 60(b) motion. Because Donovan and Foreman failed to raise the merits of the grant of summary judgment

4

with a timely appeal or request for reconsideration under Rule 59, we are precluded from reviewing these matters.

In this case, the possible error that might constitute the grounds for the Rule 60(b) motion can be charged to either Donovan and Foreman for failing to file the transcripts from the earlier action in support of their motion for summary judgment, or to the District Court for failing to take judicial notice of the transcripts pursuant to Rule 202 M.R.Evid. Regarding the latter ground, we note that when Donovan and Foreman filed their motion for summary judgment on August 28, 1989 they did not specifically request the court to take judicial notice of the transcript; in fact, they failed to do so until they filed their Rule 60(b) motion on March 14, 1990.

First, we consider the argument that Donovan and Foreman's failure to file the transcript from the earlier case constitutes mistake, inadvertence, surprise, or excusable neglect under the rule. In their brief supporting their Rule 60(b) motion Donovan and Foreman argue that their failure to file the transcripts was the result of mistake or inadvertence. Donovan and Foreman argued to the District Court that because the transcript was already on file they

> mistakenly believed that the District Court would take judicial notice thereof to decide the parties' Motions for Summary Judgment, pursuant to Montana Rules of evidence, Rule 202(c). For that reason, and in the interest of record-keeping economy at the District Court, plaintiffs mistakenly believed that the Court would not require an additional copy of the two (2) volumes of trial transcript in cause no. DV 85-405 to be filed in cause no. 87-1522. Plaintiffs therefore inadvertently failed to file a separate copy of the 402 pages of trial

5

transcript.

Based on this argument, Donovan and Foreman cannot claim that their failure to file the transcript was "inadvertent" or the result of "neglect." Rather this argument reveals that they simply were mistaken in believing that the District Court would take judicial notice of the record from the earlier case. It is well settled that there is no ground for a Rule 60(b) motion where the mistake is purely a mistake of law, as ignorance of the law is no excuse. Rieckhoff v. Woodhall (1937), 106 Mont. 22, 30, 75 P.2d 56, 58; Mantle v. Casey (1904), 31 Mont. 408, 416, 78 P. 591, 594; 7 Moore's Federal Practice, §60.22 [2], p. 60-179. The District Court correctly denied their Rule 60(b) motion on this ground.

In their reply brief on appeal Donovan and Foreman contend that the court erred in denying their Rule 60(b) motion because the court itself made a judicial mistake in failing to take judicial notice of the transcript from the earlier case. As noted earlier, Donovan and Foreman did not request the court to take judicial notice of the transcript; they failed to do so until they filed their Rule 60(b) motion on March 14, 1990. Moreover, while the authorities are uncertain as to when a Rule 60(b) motion may be made based on a judicial mistake rather than a mistake by a party, they are in agreement as to when such a motion should be filed in order to be timely. If the alleged error involves a fundamental misconception of the law by the court and the motion is not made until after the time for appeal has run then relief should be denied. 11 Wright and Miller, Federal Practice and Procedure, §

6

2858, pp. 176-80; see also 7 Moore's Federal Practice, § 60.22 [3], pp. 60-185, 60-186; Note, Federal Rule 60(b): Finality of Civil Judgments v. Self-Correction by District Court of Judicial Error of Law (1967), 43 Notre Dame Lawyer 98. This is consistent with the rule that a Rule 60(b) motion may not be used as a substitute for appeal. 7 Moore's Federal Practice § 60.18 [8] p. 60-140; McCarthy v. Mayo (9th Cir. 1987), 827 F.2d 1310, 1318; Sheridan v. Martinson (1974), 164 Mont. 383, 387, 523 P.2d 1392, 1394. In light of these comments and the position taken by the majority of jurisdictions, Donovan and Foreman are precluded from alleging judicial mistake as a ground for their Rule 60(b) motion.

The order of the District Court is

**AFFIRMED.**

_____
                                    Justice

We Concur:

_____
            Chief Justice

_____

_____

_____
                  Justices