No. 92-111

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

NORTHWEST FARM CREDIT SERVICES, ACA,
Successor by Merger to INTERSTATE
PRODUCTION CREDIT ASSOCIATION,

        Plaintiff and Respondent,

-vs-

DALE G. LUND and YVONNE LUND,

        Defendants and Appellants.

APPEAL FROM:    District Court of the 17th Judicial District,
                 In and for the County of Valley,
                 The Honorable Leonard H. Langen, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Mary L. Zemyan, Attorney at Law, Wolf Point, Montana

        For Respondent:

                A. Lance Tonn, Lucas & Monaghan, Miles City, Montana

        For Amicus:

                D. Michael Eakin, Montana Legal Services Assn.,
                Billings, Montana

FILED

NOV 5 - 1992

Filed:


CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:  August 27, 1992

Decided:  November 5, 1992

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the District Court of the Seventeenth Judicial District, Valley County, the Honorable Leonard H. Langen presiding. Appellants Dale and Yvonne Lund (the Lunds) appeal from the Judgment, Decree of Foreclosure and Order of Sale entered against them by default on February 3, 1992. We affirm.

The issues are:

1. Do the provisions of § 25-10-404, MCA, impose a duty on the clerk of court to inform parties that the statute exists?

2. Did the clerk's failure to inform Dale Lund of the necessity of filing an affidavit in order to proceed in forma pauperis deny the Lunds their opportunity to defend?

3. Should the default judgment be set aside?

Respondent Northwest Farm Credit Services, ACA, (Northwest) is a lending corporation organized under the Federal Farm Loan Act. On April 5, 1990, Northwest loaned $99,923 to the Lunds for operating capital. This note was due and payable on November 1, 1990. The Lunds executed a promissory note as evidence of this loan. On March 1, 1991, Northwest loaned $2,500 to the Lunds as operating capital to plant their crops. This note was due on demand. The Lunds executed a second promissory note as evidence of this loan.

As security for the repayment of these loans and previous loans, together with interest and any costs and attorney's fees Northwest might incur, the Lunds executed and delivered a mortgage

2

on certain lands located in Valley County. The mortgage was dated October, 12, 1988, but it secured future loans within a five year period from that date. As further security, the Lunds executed a security agreement pledging various items of personal property as collateral.

The Lunds failed to repay the promissory notes according to their terms, so on October 15, 1991, Northwest filed its Complaint to Foreclose Real Estate Mortgage and Security Agreement. The Lunds were served with the complaint on October 21, 1991. Dale Lund received help from an attorney, Mr. Martell, in drafting an answer, but Mr. Martell did not sign the answer. He did inform Dale Lund that he could ask the court to waive the filing fee but did not explain the procedure.

Dale Lund attempted to file his answer on November 12, 1991. He did not present the $100 filing fee. As a result, the clerk date-stamped the answer but did not file it. It is unclear from the record exactly what exchange occurred between Dale Lund and the clerk at that time. It appears Mr. Lund neither asked about the procedure for filing as a pauper under § 25-10-404, MCA, nor did the clerk inform him of the procedure. On November 25, 1991, the clerk returned the answer along with a letter stating, "I am returning your Answer forthwith, as I have yet to receive $100.00 for filing the same. Upon receiving the fee, I will at that time file the same."

On December 9, 1991, the clerk entered the Lunds' default for failing to plead, answer, or otherwise defend. On January 15,

3

1992, Northwest filed its Motion for Entry of Judgment, Decree of Foreclosure and Order of Sale and for Award of Attorney's Fees. Northwest also filed its Notice of Hearing and sent a copy of both documents to the Lunds. Northwest's attorney, A. Lance Tonn, also enclosed a letter in which he urged the Lunds to seek legal counsel in this matter. Mr. Tonn also spoke with the Lunds by telephone on January 30, and once again advised them to seek counsel. He also told them that he would agree to a continuance if the Lunds hired an attorney and wished to put some defenses before the court. The Lunds failed to enlist counsel, however, and the hearing proceeded on February 3, 1992.

At the hearing, Mr. Tonn offered evidence on the legal fees incurred by Northwest in prosecuting this action. The court allowed Mr. Lund to give a statement in which he basically raised his defenses to the initial complaint, although the court refused to reopen the case or accept evidence as to those defenses. Those defenses raised issues as to whether the Lunds had been credited with all their payments and whether they were authorized by Northwest to use proceeds from the sale of two items pledged as security. At best, those defenses, even if valid, would only have gone to reduce the amount the Lunds owed Northwest. Mr. Tonn testified, however, that the foreclosure action would still have proceeded. Even if the statements made by Dale Lund were true, the Lunds would still have been in default on their loans. At the close of the hearing, the Judge signed the Judgment, Decree of Foreclosure and Order of Sale. The court made it clear that Mr.

4

Lund was to have an opportunity to ensure that his account was properly credited. Mr. Tonn assured the court that he would promptly ask that the judgment be amended if there was an error.

I

Do the provisions of § 25-10-404, MCA, impose a duty on the clerk of court to inform parties that the statute exists?

The Lunds argue that § 25-10-404, MCA, imposes a duty on the clerk of court to disclose its existence. That statute reads:

**25-10-404. Poor persons not required to prepay fees.** Any person, who will file an affidavit stating that he has a good cause of action or defense and that he is unable to pay the costs or procure security to secure the same, may commence and prosecute or defend an action in any of the courts and administrative tribunals of this state; then it is hereby made the duty of the officers of the courts and administrative tribunals to issue all writs and serve the same and perform all services in the action without demanding or receiving their fees in advance.

Although Dale Lund was aware that he could file his answer without paying the fee, it does not appear that he asked Mr. Martell or the clerk how to do so. The functions performed by the clerk must be demanded by law. See Platz v. Hamilton (1982), 201 Mont. 184, 653 P.2d 144; Anderson v. Hinman (1960), 138 Mont. 397, 357 P.2d 895. The only express duty found in this statute requires the clerk to perform all services requested once a party has filed the proper affidavit. This statute does not expressly impose a duty upon the clerk to disclose. Nor, as the Lunds admit, does any other statute impose a duty upon the clerk to disclose the existence of § 25-10-404, MCA. The legislature has not imposed a duty upon clerks to disclose. Although we sympathize with the

5

Lunds and others similarly situated, we are unwilling to impose such a duty. We hold that § 25-10-404, MCA, does not impose a duty on the clerk.

## II

Did the clerk's failure to inform Dale Lund of the necessity of filing an affidavit in order to proceed in forma pauperis deny the Lund's their opportunity to defend?

As we hold that the clerk had no duty to inform Dale Lund of the necessity of filing an affidavit in order to proceed in forma pauperis, her actions did not deny the Lunds their opportunity to defend. The Lunds must bear responsibility for not defending in this action. In Federal Land Bank of Spokane v. Gallatin County (1929), 84 Mont. 98, 274 P. 288, this Court held that ignorance of the law was no justification for relief from a default judgment. We followed that time-honored principle recently in Donovan v. Graff (1991), 248 Mont. 21, 808 P.2d 491. In Donovan, this Court found that the pro se plaintiffs were not entitled to relief from entry of summary judgment simply because they did not understand the law regarding the filing of papers in support of their motion for summary judgment.

Not only is ignorance of the law not an argument for lack of opportunity to defend, but it was the Lunds' own inaction that caused them to lose their chance to defend. "Every person is bound to take care of his own rights, and to vindicate them in due season, and in proper order. This is a sound and salutary principle of law." Federal Land Bank at 111, 274 P. at 291

6

(quoting Dunne v. Yund (1916), 52 Mont. 24, 33-34, 155 P. 273, 276). We also have a maxim of equity that "the law helps the vigilant before those who sleep on their rights." Section 1-3-218, MCA. A review of the facts indicates that, aside from ignorance of the law, it was the Lunds' own inaction that caused them to lose their chance to defend in this action.

As noted above, when the clerk failed to receive the filing fee from the Lunds, she sent a letter on November 25, 1991, stating, "I am returning your Answer forthwith, as I have yet to receive $100.00 for filing the same. Upon receiving the fee, I will at that time file the same." The Lunds do not deny receiving the letter. However, they did not respond to the letter or take any other action. Two weeks later, on December 9, 1991, the clerk entered their default. The Lunds did nothing in response to the entry of default. When Mr. Tonn sent a copy of his motion and a Notice of Hearing to the Lunds on January 14, 1992, he included a letter in which he urged the Lunds to seek legal advice. Mr. Tonn stated (capitalized in original):

> YOU ARE IN GRAVE JEOPARDY OF A JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE BEING ENTERED AGAINST YOU. IF YOU HAVE ANY QUESTIONS ABOUT YOUR LEGAL RIGHTS, YOU SHOULD IMMEDIATELY CONTACT AN ATTORNEY OF YOUR CHOOSING. ONCE AGAIN, IF YOU FAIL TO TAKE ANY ACTION, A JUDGMENT, DECREE OF FORECLOSURE AND ORDER OF SALE WILL BE ENTERED AGAINST YOU.

Although the Lunds received this letter, they did not respond or take any action.

Also, Mr. Tonn spoke with Dale Lund on the telephone on January 30, 1992. During that conversation he encouraged Mr. Lund

7

at least three times to contact an attorney because he felt the court would enter the decree. Mr. Tonn offered, however, to stipulate to a continuance if the Lunds hired an attorney and wished to put forth some defenses. Mr. Lund did nothing in response to this offer either. Under these facts, the Lunds were clearly aware of the realities of the situation and were given an opportunity to defend should they choose to. The Lunds, not the clerk, must bear responsibility for losing their opportunity to defend. We hold the clerk's failure to inform the Lunds was not error.

## III

Should the default judgment be set aside?

The Lunds neither requested the District Court to set aside the default under Rule 55(c), M.R.Civ.P., nor made a motion for relief from the default judgment under Rule 60(b), M.R.Civ.P. We need only determine whether the District Court acted properly when it initially entered the default judgment under Rule 55(b). See Johnson v. Murray (1982), 201 Mont. 495, 656 P.2d 170. Rule 55(b), M.R.Civ.P. governs the entry of a default judgment by the court. In pertinent part it reads:

> **Rule 55(b). Judgment.** Judgment by default may be entered as follows:
>
> . . .
>
> (2) By the court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; . . . If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of

the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the state of Montana.

In this case, the clerk entered the Lunds' default on December 9, 1991. On January 15, 1992, Mr. Tonn filed his Motion for Entry of Judgment, Decree of Foreclosure and Order of Sale and For Award of Attorney's Fees. At that time he also sent proper notice to the Lunds that he would bring his motion on February 3, 1992. This is far more advance notice than the three required days. The court held a hearing at which it took evidence from Mr. Tonn on the legal fees incurred by Northwest. It also gave Dale Lund an opportunity to make a statement. He did not dispute the amount of attorney's fees and costs testified to by Mr. Tonn.

We note that in order to make a prima facie case for foreclosure Northwest was required to show three elements: (1) the debt of the borrowers; (2) nonpayment of the debt; and (3) present ownership of the debt by the lender. First National Bank of Albuquerque v. Quinta Land & Cattle Co. (1989), 238 Mont. 335, 339, 779 P.2d 48, 50. In support of its motion, Northwest submitted the affidavit of Wayne Erlenbush, an authorized agent of Northwest, as evidence of the foregoing. Based on this and a sufficient showing of attorney's fees, the District Court entered a Judgment, Decree of Foreclosure, and Order of Sale in favor of Northwest.

We hold that the District Court properly entered a default

9

judgment against the Lunds.

Affirmed.

_John Conway Harrison_
Justice

We concur:

_William E Hunt_

_Karla M. Gray_

_R. C. McDonough_

_Fred Weber_
Justices

November 5, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Mary L. Zemyan
Attorney at Law
P.O. Box 1094
Wolf Point, MT 59201

A. Lance Tonn
LUCAS & MONAGHAN, P.C.
P.O. Box 728
Miles City, MT 59301

D. Michael Eakin
Montana Legal Services
2442 First Ave. No.
Billings, MT 59101


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy