No. 99-571

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 197N

IN RE THE MARRIAGE

MARIA T. JENSEN,

Petitioner and Respondent,

and

ALFRED J. JENSEN,

Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ronald F. Waterman; Gough, Shanahan, Johnson & Waterman,

Helena, Montana

For Respondent:

Robert T. Cummins, Attorney at Law, Helena, Montana

Submitted on Briefs: March 16, 2000

Decided: July 18, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Alfred J. Jensen (Alfred) appeals from the Findings of Fact, Conclusions of Law and Decree of Dissolution entered by the First Judicial District Court, Lewis and Clark County, after entry of his default. We vacate and remand.

## BACKGROUND

¶3 Alfred and Maria T. Jensen (Maria) were married on July 12, 1992. On July 9, 1999, Maria petitioned the District Court for dissolution of the parties' marriage, proposed a distribution of the parties' assets and liabilities, and requested maintenance. On the same day, she obtained an order scheduling a hearing on August 11, 1999, for Alfred to show cause why he should not be ordered to pay temporary maintenance, continue to carry Maria on his health insurance and pay Maria's attorney fees and costs in the action.

¶4 Alfred was served with a summons, the petition and the order to show cause on July 12, 1999. He did not appear in the action within 20 days.

¶5 At Maria's request and pursuant to Rule 55(a), M.R.Civ.P., the Clerk of the District Court entered a default against Alfred on August 4, 1999. On August 9, 1999, after Maria presented evidence in support of her petition, the District Court observed that Alfred's default had been taken and entered its Findings of Fact, Conclusions of Law, and Decree of Dissolution (Default Judgment) dissolving the marriage and ordering maintenance and division of the marital estate as requested by Maria. Alfred was served with notice of entry later that day.

¶6 Alfred apparently committed suicide the following day and his heirs found the Default Judgment in his personal effects. Counsel for Alfred subsequently filed a Notice of Appearance and Alfred's personal representative filed a Notice of Appeal from the Default Judgment.

## *DISCUSSION*

### ¶7 Should the Default Judgment be set aside?

¶8 A district court may set aside an entry of default for "good cause shown" and a judgment by default in accordance with Rule 60(b), M.R.Civ.P. Rule 55(c), M.R.Civ.P. In the usual case involving a default or default judgment, this Court reviews a district court's denial of a motion to set aside. *See*, *e.g.*, *In re Marriage of Martin* (1994), 265 Mont. 95, 99, 874 P.2d 1219, 1222; *Falcon v. Faulkner* (1995), 273 Mont. 327, 330, 903 P.2d 197, 199.

¶9 In this case, however, Alfred did not move to set aside the entry of default under Rule 55(c), M.R.Civ.P., or for relief from the Default Judgment under Rule 60(b), M.R.Civ.P. Instead, he contends on appeal that the Default Judgment should be set aside because Maria's counsel engaged in "sharp practices" which lulled Alfred into inaction. Thus, this case does not involve a denial of a motion to set aside. Here, the only action taken by the District Court was the entry of the Default Judgment. In such a case, we need only determine whether the proper procedures for entry of a judgment by default were followed. *See Northwest Farm Credit Services v. Lund* (1992), 255 Mont. 114, 119, 841 P.2d 490, 493 (citation omitted).

¶10 Rule 55(b)(2), M.R.Civ.P., governs entry of judgment by default by the district courts. In all cases in which the claim is not for a sum certain or capable of being made certain by computation,

> the party entitled to a judgment by default shall apply to the court therefor . . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment . . ., it is necessary to take an account . . . or to establish the truth of any averment by evidence . . ., the court may conduct such hearings . . . as it deems necessary and proper . . . .

Rule 55(b)(2), M.R.Civ.P.

¶11 The first requirement for entry of a judgment by default under Rule 55(b)(2) is that the party apply for such a judgment. In addition, Rule 55(c), M.R.Civ.P., provides that "no default judgment shall be entered against any party, *except upon application* of the opposing party." (Emphasis added.) The record in this case does not contain an application by Maria for a default judgment.

¶12 In both *Johnson v. Murray* (1982), 201 Mont. 495, 503, 656 P.2d 170, 174, and *Northwest Farm Credit Services*, 255 Mont. at 120, 841 P.2d at 494, we determined the district court acted properly when it entered judgment by default. Those cases are factually dissimilar from the present case, however. There, the plaintiffs applied--or moved--for judgment by default under Rule 55(b)(2), M.R.Civ.P., and as required by Rule 55(c), M.R. Civ.P. *See Johnson*, 201 Mont. at 503, 656 P.2d at 174; *Northwest Farm Credit Services*, 255 Mont. at 120, 841 P.2d at 494.

¶13 Maria's counsel having failed to comply with the foundational procedural requirement for a judgment by default, Rule 55(c) precluded the entry of such a judgment. We conclude, therefore, that the District Court improperly entered the Default Judgment.

¶14 The Default Judgment is vacated and this case is remanded for further proceedings.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ WILLIAM E. HUNT, SR.