FILED

04/21/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0391

DA 25-0391

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 85N

IN RE THE MATTER OF THE ESTATE OF:

JOHN WILLIAM LEA, a/k/a WILLIAM LEA,

Deceased.

APPEAL FROM: District Court of the Tenth Judicial District,
In and For the County of Judith Basin, Cause No. DP-2018-1
Honorable Heather M. Perry, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Bradley J. Jones, R. Spencer Bradford, Bulman Jones & Cook PLLC,
Missoula, Montana

For Appellee:

Evie J. Hudson, Lauren LaRance, Hudson Law PLLC, Great Falls,
Montana

Dale Schowengerdt, Landmark Law PLLC, Helena, Montana

Submitted on Briefs: February 25, 2026

Decided: April 21, 2026

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Stacey Kelly appeals the Tenth Judicial District Court's order denying her motion to set aside the final decree of distribution of her deceased husband's estate. Stacey claims that the District Court abused its discretion when it denied her motion, arguing that she is entitled to relief under M. R. Civ. P. 60(b) because the personal representative failed to notify her of the proceedings and failed to distribute to her sufficient assets to satisfy her intestate share. Because Stacey failed to demonstrate that she is entitled to relief under Rule 60(b), we affirm.

¶3 John W. Lea died intestate in January 2018. John was survived by his spouse Stacey Kelly and two adult children from his prior marriage—Jakob and Johnna Lea. On February 7, 2018, Stacey petitioned the Tenth Judicial District Court to appoint her the personal representative of John's estate. The court granted Stacey's petition.

¶4 Nothing further occurred in the probate proceedings until Stacey's then-counsel, Kris Birdwell, moved to withdraw in August 2021. Mr. Birdwell said that Stacey was unresponsive and that she failed to provide him with information necessary to administer

2

the estate. The court granted Mr. Birdwell's motion, and Stacey did not obtain new counsel.

¶5 In November 2021, Jakob petitioned the court to remove and replace Stacey as personal representative for cause, claiming that she breached her duties to the estate. The court set a hearing on Jakob's petition for December 13, 2021. Stacey failed to appear at the hearing. The court granted Jakob's petition for removal, naming him the new personal representative. The court ordered that Stacey "shall be liable" to Jakob and Johnna for any damages and losses resulting from the breach of her fiduciary duties as personal representative.

¶6 Jakob filed a petition in January 2024 for determination of heirs, adjudication of intestacy, approval of final account, and for settlement and distribution of the estate. The total value of the estate after expenses was approximately $2,000,000. Jakob alleged that Stacey improperly transferred at least $56,000 from the estate's account to her own personal bank account during her time as personal representative. He therefore proposed that, as part of the final distribution, Stacey receive (1) all property distributed to her while she was serving as personal representative, including the $56,000; (2) her joint bank account with John; (3) John's retirement account of which she was a beneficiary; (4) John's 2006 Pontiac Grand Prix; and (5) a release of liability for any damages that she caused by breaching her fiduciary duties. Jakob proposed to distribute the "rest, residue and remainder" of John's estate equally between himself and Johnna. The court held a hearing on Jakob's petition on February 20, 2024. Although Jakob sent notice of the hearing to

3

Stacey, she did not appear or object to the proposed distribution. The court ordered distribution of the estate in accordance with Jakob's petition that same day and discharged him as the personal representative.

¶7 On February 19, 2025, after retaining new counsel, Stacey filed a motion under M. R. Civ. P. 60(b) to set aside the decree of distribution and reopen the estate. Stacey argued that the court should set aside the decree because Jakob failed to notify Stacey of key developments in the case and that he failed to distribute to her the value of her intestate share under § 72-2-112, MCA. Stacey also challenged the decree based on conduct that occurred after the court ordered distribution.[1] The District Court denied Stacey's motion and closed the case, reasoning that she failed to demonstrate that she was entitled to relief under Rule 60(b).[2]

¶8 Courts have authority to grant litigants relief from a final judgment upon a showing of the circumstances enumerated in M. R. Civ. P. 60(b)(1)-(6), including "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; . . . [or] (5) . . . applying [the judgment] prospectively is no longer equitable . . . ." "Our standard of review of a district court's ruling on a motion

---

[1] Stacey alleged that in July 2024, Jakob agreed to deed her John's property in Hobson, Montana, if Stacey paid the property's back taxes. Stacey claimed that although she delivered the funds to Jakob, he had yet to transfer the property to her. Jakob responded that he transferred Stacey the Hobson property in November 2024 and attached the deed as an exhibit.

[2] Stacey also argued that the decree should be set aside because there remained a dispute regarding who received title to John's Chevrolet Silverado truck. On appeal, Stacey does not challenge the court's denial of her motion on this ground.

4

pursuant to M. R. Civ. P. 60(b) depends on the nature of the final judgment, order, or proceeding from which relief is sought and the specific basis of the Rule 60(b) motion." *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451 (citation omitted). We apply an abuse of discretion standard when the movant seeks relief under subsections (1), (3), (5), and (6). *Greater Missoula Area Fed'n of Early Childhood Educators v. Child Start, Inc.,* 2009 MT 362, ¶ 17, 353 Mont. 201, 219 P.3d 881. A court abuses its discretion when it "act[s] arbitrarily without employment of conscientious judgment or exceed[s] the bounds of reason resulting in substantial injustice." *Essex Ins. Co.*, ¶ 19 (quoting *Jarvenpaa v. Glacier Elec. Coop.,* 1998 MT 306, ¶ 13, 292 Mont. 118, 970 P.2d 84).

¶9 Stacey claims that the District Court abused its discretion when it refused to grant her motion to set aside the decree, raising the same arguments that she made to the District Court regarding notice, the value of her intestate distribution, and the court's failure to consider evidence regarding the Hobson property.[3] Stacey does not clearly identify the subsections of Rule 60(b) under which she claims she is entitled to relief, but her argument generally references the grounds set forth in subsections (1), (3), and (5). Jakob responds

---

[3] Stacey also argues for the first time on appeal that Jakob violated her due process rights by failing to notify her that Mr. Birdwell withdrew from the case. *See* § 37-61-405, MCA; U. Dist. Ct. R. 10. Because Stacey did not raise this issue in the District Court, we do not address it. *Estate of Harris v. Reilly*, 2025 MT 126, ¶ 17, 422 Mont. 383, 570 P.3d 552 ("We generally do not consider issues raised for the first time on appeal." (citation omitted)).

that the District Court properly denied Stacey's motion because it was merely an improper substitute for an appeal and that she is not entitled to relief under Rule 60(b).

¶10     We first address Stacey's argument that Jakob violated her due process rights by failing to properly notify her.  Although Stacey concedes that Jakob mailed notices to the address that she provided to the court, she claims that she did not receive these notices because she frequently traveled for work and that Jakob knew how to contact her via other methods and should have attempted to reach her through those methods.  Section 72-1-301(1)(a), MCA, provides that notice is proper if mailed to a person's address at least fourteen days before a hearing.  The record establishes that Jakob complied with § 72-1-301(1)(a), MCA's notice requirements.  Stacey did not request a different method of service or provide an alternative address.  *See* § 72-1-301(2), MCA (allowing the court for good cause shown to provide different methods of giving notice of any hearing).  Her argument is therefore without support.

¶11     With respect to Stacey's remaining arguments, this Court has recognized that a Rule 60(b) motion is not a substitute for direct appeal, *Donovan v. Graff*, 248 Mont. 21, 25, 808 P.2d 491, 494 (1991), and "must contain more than a request for rehearing or a request that the [d]istrict [c]ourt change its mind."  *Essex*, ¶ 22 (internal quotations and citation omitted).  A party's "failure to appeal for almost any reason is fatal to a motion to reopen judgment under Rule 60(b)."  *Essex*, ¶ 29 (quoting *Koch v. Billings Sch. Dist. No. 2*, 253 Mont. 261, 271, 833 P.2d 181, 187 (1992)).

¶12 Stacey did not object to Jakob's proposed distribution of the estate, did not attend the February 2024 distribution hearing, and did not appeal the court's decree within the time prescribed by law. *See* M. R. App. P. 4(5)(a)(i) (requiring litigants to file a notice of appeal within thirty days from the date judgment is entered). Stacey's Rule 60(b) motion did not set forth the particular subsection under which she sought relief, nor did it contain a legal or factual basis demonstrating that she was entitled to relief under the rule. The District Court correctly recognized that Stacey's arguments were substantive in nature and that her motion was a "thinly veiled attempt to relitigate major estate issues." Because Stacey's Rule 60(b) motion was in essence a motion for reconsideration of the decree of distribution, the District Court did not abuse its discretion when it denied Stacey's motion.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling denying Stacey's motion to set aside the decree was not an abuse of discretion. Its order is affirmed.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M. BIDEGARAY
/S/ JIM RICE