05-054

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 202

ESSEX INSURANCE COMPANY,
a Virginia Corporation,

        Plaintiff and Appellant,

  v.

MOOSE'S SALOON, INC., a Montana Corporation,
CLARK VOGT, and JOHN DOE,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV 1996-261(A)
                    Honorable Ted O. Lympus, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Steven R. Milch, Crowley, Haughey, Toole & Dietrich, PLLP,
                Billings, Montana

        For Respondent:

                Stephen C. Berg, Johnson, Berg, McEvoy & Bostock, PLLP,
                Kalispell, Montana

Submitted on Briefs:  August 17, 2005

Decided:  August 15, 2007

Filed:

_____
                       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 This is an appeal by Essex Insurance Company ("Essex") from two orders and the final judgment of the District Court for the Eleventh Judicial District, Flathead County. We reverse.

¶2 The dispositive issue on appeal is whether the District Court abused its discretion in granting the M. R. Civ. P. 60(b)(6) motion filed by Moose's Saloon ("Moose's") and Clark Vogt ("Vogt"). We therefore do not address the other two issues raised by Essex, which pertain to rulings by the District Court after it granted the Rule 60(b)(6) motion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On June 17, 1994, an altercation occurred between Mark Yarde ("Yarde"), Vogt, and Dana Severy ("Severy") at Moose's. According to Yarde's version of the events, Vogt (an employee of Moose's) was removing him from the bar on the night in question. On their way out, Vogt grabbed Yarde around the neck, shoved Yarde against the wall, and then both men fell onto the ground. Vogt stood up and then proceeded to break Yarde's leg by stomping on it. According to Vogt, however, as he escorted Yarde out of the bar, Yarde got into a fight with Severy (a bar patron of Moose's), who was standing nearby. When Vogt separated the two, Yarde grabbed for Vogt's throat, at which point Vogt pushed Yarde down onto the ground.

¶4 On April 11, 1995, Yarde filed a personal injury lawsuit against Moose's, Vogt, and Severy. In his complaint, Yarde alleged that Severy and Vogt, while in the scope and course of his employment with Moose's, "negligently injured" Yarde in the bar fight. He also alleged that Moose's was negligent in its hiring and supervision of Vogt. Pursuant to

2

Moose's insurance policy, Essex agreed to investigate and provide Moose's and Vogt with a defense in Yarde's suit; however, Essex reserved its right to deny coverage if any exclusions in the policy applied. During the course of its investigation, Essex learned that Yarde had given a witness statement to the Kalispell Police Department stating that Vogt had committed assault and battery on him.

¶5 On May 21, 1996, Essex filed a complaint for a declaratory judgment in the District Court, naming Moose's, Vogt, and John Doe (who was later identified as Severy) as defendants. Essex sought a declaration that, pursuant to the insurance policy, Essex had neither a duty to defend nor a duty to indemnify Moose's and Vogt with regard to the claims asserted by Yarde in the personal injury lawsuit. The basis for Essex's complaint was that the insurance policy contained a number of applicable exclusions. First, according to Essex, the incident involving Yarde, Vogt, and Severy was not an "accident" or "occurrence" as those terms were defined in the policy. Second, the policy contained an express exclusion of coverage for damages resulting from an assault and battery or for any act or omission in connection with the prevention or suppression of an assault and battery, whether instigated or caused by Moose's, an employee of Moose's, or a patron. Lastly, the policy contained an express exclusion for coverage of any claims arising out of charges or allegations of negligent hiring, placement, training, or supervision.

¶6 Essex moved for summary judgment on September 10, 1996, on the grounds that "there is no coverage, no duty to defend and no indemnity obligation because of the occurrence language of the policy, because of the assault and battery exclusion of the policy and because of the hiring/supervision exclusion of the policy." Although Yarde

3

had alleged negligence in the personal injury lawsuit, Essex maintained that Yarde was "factually claiming assault and battery." Additionally, Essex maintained that, for the purposes of its motion for summary judgment, it did not matter whose version of the incident (Yarde's or Vogt's) was true. According to Essex, "[i]n either version of the facts, there was an assault."

¶7 Moose's argued in response that the depositions of Yarde and Vogt created material issues of fact regarding the altercation between the two of them. Moose's maintained that it was unclear whether there was an "intentional act" by Vogt or simply an accidental fall during the course of the altercation between Yarde and Severy. Therefore, according to Moose's, summary judgment was not appropriate.

¶8 The District Court disagreed and, on April 23, 1997, granted Essex's motion. The court determined that there were no issues of material fact as to the acts in question, noting that "either Vogt assaulted Yarde, Yarde assaulted Vogt, or Severy and Yarde assaulted each other and Vogt tried to suppress it, or some combination of all three events occurred." The court further determined that the assault and battery exclusion "excludes the types of acts at issue in the underlying matter of *Yarde v. Moose's Saloon, Inc., et al.*" Finally, the court concluded that the "accident" and "occurrence" exclusion and the negligent hiring and supervision exclusion also applied. Thus, the court declared that "Essex Insurance Company has neither a duty to defend nor a duty to indemnify Moose's Saloon, Inc., or any of its employees, including Vogt, or any unnamed John Doe, with regard to any of the claims asserted by Mark Yarde." Significantly, Moose's, Vogt, and

4

Severy did not appeal from the District Court's order granting summary judgment in favor of Essex.

¶9 Yarde's personal injury lawsuit ultimately went to trial and, on February 12, 1999, the jury returned a verdict against Moose's, Vogt, and Severy. On the special verdict form, the jury determined that Moose's, Vogt, and Severy were all negligent and that they were each a cause of Yarde's injury. The jury also determined that Vogt had assaulted or battered Yarde and that Vogt had acted with malice. The District Court thereafter entered judgment in favor of Yarde in the sum of $159,500.

¶10 On January 12, 2000—nine months after the District Court had entered judgment in favor of Yarde in the personal injury lawsuit and approaching three years after the District Court had granted Essex's motion for summary judgment in the declaratory judgment action—Moose's and Vogt filed a motion pursuant to M. R. Civ. P. 60(b)(6) for relief from the District Court's judgment in the declaratory judgment action.[1] They noted that in that action, the District Court had "held that Vogt's acts were intentional and that the facts surrounding his altercation with Yarde did not support a theory of negligence"; yet, in the personal injury lawsuit, the District Court had "entered judgment on the verdict finding [Moose's and Vogt] negligent." According to Moose's and Vogt, this created "an inconsistency or irregularity in the proceedings" which "prevented an accurate determination on the merits thereby prejudicing [them]." Specifically, they explained that "despite having been found 'negligent' by a 12-person jury, [Moose's and Vogt] are

---

[1] Severy did not join in Moose's and Vogt's Rule 60(b)(6) motion and is not a party to this appeal.

5

not entitled to indemnification by Essex for Vogt's negligent acts because those same acts were deemed 'intentional' in the declaratory judgment action." Therefore, they asked the District Court to reopen the declaratory judgment action and "re-determine the issue of insurance policy coverage."

¶11 In response, Essex argued, among other things, that Moose's and Vogt's motion must fail on the merits because Moose's and Vogt had failed to establish that the circumstances of the case were so extraordinary as to warrant relief under Rule 60(b)(6). In this regard, Essex noted that Moose's and Vogt had not appealed the District Court's order granting summary judgment in the declaratory judgment action and that Rule 60(b)(6) is not to be used as a substitute for appeal.

¶12 The District Court, however, disagreed and, on February 18, 2000, granted the Rule 60(b)(6) motion. The court opined that "the grounds for appealing the declaratory judgment action did not arise until judgment was rendered in the personal injury action. Thus, it cannot be said that [Moose's and Vogt] had an opportunity to appeal the declaratory judgment action but voluntarily chose to forego an appeal." The District Court also stated that Moose's and Vogt had "demonstrated that an inconsistency or irregularity in the proceedings prevented an accurate determination on the merits thereby prejudicing them." Therefore, the court concluded that it was "only fair and equitable to allow [Moose's and Vogt] to reopen the declaratory judgment action and seek a redetermination of insurance coverage." Essex filed a motion for reconsideration, which the District Court denied.

6

¶13 The parties thereafter filed cross-motions for summary judgment. Moose's and Vogt argued that none of the policy exclusions applied and that Essex, therefore, had a duty to defend and indemnify them "for damages paid and expenses incurred in connection with the personal injury action brought by Yarde." They requested that the District Court order Essex to do so. For its part, Essex argued that "under every conceivable theory upon which the jury could hold Moose's Saloon liable in the underlying action, no coverage exists under the Essex policy." They noted that although the jury had found Moose's, Vogt, and Severy negligent, the jury had also found that Vogt assaulted and battered Yarde.

¶14 On March 17, 2004, the District Court granted Moose's and Vogt's motion for summary judgment and denied Essex's motion for summary judgment. The court determined that the events which gave rise to Yarde's lawsuit against Moose's and Vogt "meet the definition of 'occurrence' for purposes of insurance coverage" and that "the results [of Vogt's actions toward Yarde] were not expected nor planned." Thus, the court concluded that the "accident" and "occurrence" exclusion did not apply. The District Court also addressed the assault and battery exclusion, concluding that the exclusion was "ambiguous" in light of the jury's findings that Vogt had been negligent on the one hand and had committed an assault and battery on the other hand. The court concluded that it must therefore "reverse its prior ruling and hold that the policy must be interpreted to provide insurance coverage." The court accordingly held that "Essex is required to indemnify its insured."

7

¶15 The District Court entered final judgment on October 20, 2004, awarding Moose's reimbursement for the judgment it had paid out to Yarde, as well as attorney's fees and costs incurred in defending itself in Yarde's personal injury lawsuit and in the redetermination of insurance coverage. Essex now appeals from the Order and Rationale on Motion for Relief from Judgment, the Order and Rationale on Cross-Motions for Summary Judgment, and the final Judgment and Rationale.

**STANDARD OF REVIEW**

¶16 Our standard of review of a district court's ruling on a motion pursuant to M. R. Civ. P. 60(b) depends on the nature of the final judgment, order, or proceeding from which relief is sought and the specific basis of the Rule 60(b) motion. *See In re Marriage of Barnes*, 251 Mont. 334, 336, 825 P.2d 201, 203 (1992) ("The scope of our review of a decision to grant or deny a Rule 60(b) motion depends on the issues involved."). As a general rule, the district court's ruling is reviewed for abuse of discretion. *See Heller v. Gremaux*, 2002 MT 199, ¶ 7, 311 Mont. 178, ¶ 7, 53 P.3d 1259, ¶ 7; *Hall v. Heckerman*, 2000 MT 300, ¶ 12, 302 Mont. 345, ¶ 12, 15 P.3d 869, ¶ 12; *see also Export Group v. Reef Industries, Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995) ("Ordinarily, motions for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b) are addressed to the sound discretion of the district court and will not be reversed absent some abuse of discretion."). But where, for instance, the movant sought relief under subsection (2) of Rule 60(b) based on newly discovered evidence, we have stated that we will review the district court's ruling for manifest abuse of discretion. *See Fjelstad v. State, Through Dept. of Highways*, 267 Mont. 211, 220, 883 P.2d 106, 111

8

(1994). By contrast, where the movant sought relief under subsection (4) of Rule 60(b) on the ground that the judgment is void, the standard of review is de novo, since the determination that a judgment is or is not void is a conclusion of law. *Export Group*, 54 F.3d at 1469 ("We review de novo . . . a district court's ruling upon a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one."); *see also Hicklin v. CSC Logic, Inc.*, 283 Mont. 298, 301, 940 P.2d 447, 449 (1997).[2]

¶17 Another exception to the general rule applies in cases where the movant sought relief from a default judgment. In *Lords v. Newman*, 212 Mont. 359, 688 P.2d 290 (1984), we set forth two standards of review with respect to such motions. We noted that while "courts are vested with a certain amount of discretion when they are considering a motion to set aside a default," "every litigated case should be tried on the merits" and, thus, "judgments by default are not favored." *Lords*, 212 Mont. at 363, 688 P.2d at 293. Accordingly, we held that when a trial court has granted a motion to set aside the default and opened up the action for a trial on the merits, the court's ruling "will only be set aside upon a showing of manifest abuse"; but when the trial court has denied a motion to set aside the default, "no great abuse of discretion need be shown to warrant reversal" (i.e.,

---

[2] In *In re Marriage of Zacher*, 2004 MT 249, 323 Mont. 54, 98 P.3d 309, the appellant had filed a motion under Rule 60(b)(4), which was deemed denied by operation of law. *Zacher*, ¶ 5. We stated that our standard of review under these circumstances was abuse of discretion. *See Zacher*, ¶ 7; *see also Bragg v. McLaughlin*, 1999 MT 320, ¶¶ 11, 17, 24, 297 Mont. 282, ¶¶ 11, 17, 24, 993 P.2d 662, ¶¶ 11, 17, 24; *Butler v. Colwell*, 1998 MT 241, ¶¶ 13, 16, 291 Mont. 134, ¶¶ 13, 16, 967 P.2d 779, ¶¶ 13, 16. For the reasons discussed above, however, our review of a district court's decision to set aside a void judgment is de novo. We therefore overrule ¶ 7 of *Zacher*, as well as ¶ 11 of *Bragg* and ¶ 13 of *Butler*, to the extent they suggest otherwise.

"only 'slight abuse' is sufficient to reverse an order refusing to set aside a default"). *Lords*, 212 Mont. at 363-64, 688 P.2d at 293; *accord Matthews v. Don K Chevrolet*, 2005 MT 164, ¶ 9, 327 Mont. 456, ¶ 9, 115 P.3d 201, ¶ 9; *Empire Lath & Plaster v. American Cas.*, 256 Mont. 413, 416, 847 P.2d 276, 278 (1993); *Blume v. Metropolitan Life Ins. Co.*, 242 Mont. 465, 467, 791 P.2d 784, 785 (1990); *cf. Skogen v. Murray*, 2007 MT 104, ¶ 11, 337 Mont. 139, ¶ 11, 157 P.3d 1143, ¶ 11; *Karlen v. Evans*, 276 Mont. 181, 185, 915 P.2d 232, 235 (1996).[3]

¶18    In the case at hand, Moose's and Vogt's Rule 60(b)(6) motion was directed at the District Court's order in the declaratory judgment action granting summary judgment in favor of Essex, from which Moose's and Vogt did not appeal. They did not contend that the order is void; thus, de novo review is not implicated here. Furthermore, the decision to reopen or not to reopen an unchallenged final order granting a motion for summary judgment does not implicate the policy considerations identified in *Lords* with respect to default judgments. Accordingly, we will review the District Court's ruling on Moose's and Vogt's Rule 60(b)(6) motion for abuse of discretion.

---

[3] One or both of *Lords*'s dual standards have appeared in a number of cases not involving a motion for relief from a default judgment. *See e.g. Wombold v. Assoc. Financial Services Co.*, 2004 MT 397, ¶ 31, 325 Mont. 290, ¶ 31, 104 P.3d 1080, ¶ 31; *In re Marriage of Zacher*, 2004 MT 249, ¶ 7, 323 Mont. 54, ¶ 7, 98 P.3d 309, ¶ 7; *Calcaterra v. Montana Resources*, 2001 MT 193, ¶ 7, 306 Mont. 249, ¶ 7, 32 P.3d 764, ¶ 7; *Wright Oil & Tire Co. v. Goodrich*, 284 Mont. 6, 10, 942 P.2d 128, 130 (1997). The *Lords* standards, however, are based on the policy considerations identified in that case with respect to default judgments and should not be applied universally. *See Lords*, 212 Mont. at 365-66, 688 P.2d at 294 (noting that there is no one set standard of review to be applied in all cases). We therefore overrule *Wombold*, ¶ 31, *Zacher*, ¶ 7, *Calcaterra*, ¶ 7, and *Wright Oil & Tire*, 284 Mont. at 10, 942 P.2d at 130, to the extent they state or suggest that the *Lords* standards apply to all Rule 60(b) motions.

¶19 A district court abuses its discretion if it "act[s] arbitrarily without employment of conscientious judgment or exceed[s] the bounds of reason resulting in substantial injustice." *Jarvenpaa v. Glacier Elec. Co-op., Inc.*, 1998 MT 306, ¶ 13, 292 Mont. 118, ¶ 13, 970 P.2d 84, ¶ 13 (citing *C. Haydon Ltd. v. MT Min. Properties, Inc.*, 286 Mont. 138, 146, 951 P.2d 46, 51 (1997)).

## DISCUSSION

¶20 *Did the District Court abuse its discretion in granting Moose's and Vogt's M. R. Civ. P. 60(b)(6) motion?*

¶21 M. R. Civ. P. 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Moose's and Vogt's motion was based on subsection (6) of Rule 60(b). Relief under this provision is appropriate only in extraordinary circumstances which go beyond those covered by the first five subsections of the rule. *See e.g. Skogen v. Murray*, 2007 MT 104, ¶ 13, 337 Mont. 139, ¶ 13, 157 P.3d 1143, ¶ 13; *Falcon v. Faulkner*, 273 Mont. 327, 333, 903 P.2d 197, 201 (1995). "Thus, before a party will be allowed to modify a final judgment under Rule 60(b)(6), he must first show that none of the other five reasons in

11

Rule 60(b) apply." *In re Marriage of Waters*, 223 Mont. 183, 187, 724 P.2d 726, 729 (1986).

¶22 Additionally, "[i]t is not the intent of Rule 60(b)(6) to be a substitute for appeal." *Lussy v. Dye*, 215 Mont. 91, 93, 695 P.2d 465, 466 (1985). Furthermore, a motion for relief pursuant to Rule 60(b)(6) must contain "more than a request for rehearing or a request that the District Court change its mind." *Lussy*, 215 Mont. at 93, 695 P.2d at 466. "It must be shown that something prevented a full presentation of the cause or an accurate determination on the merits and that for reasons of fairness and equity redress is justified." *Lussy*, 215 Mont. at 93, 695 P.2d at 466; *accord In re Marriage of Markegard*, 2006 MT 111, ¶ 16, 332 Mont. 187, ¶ 16, 136 P.3d 532, ¶ 16.

¶23 Given these requirements, we conclude that the District Court abused its discretion in granting Moose's and Vogt's motion to reopen the declaratory judgment action. As stated in *Waters*, "before a party will be allowed to modify a final judgment under Rule 60(b)(6), *he must first show that none of the other five reasons in Rule 60(b) apply.*" *Waters*, 223 Mont. at 187, 724 P.2d at 729 (emphasis added). Moose's and Vogt, however, have never argued at any point during the course of this case that none of the first five subsections of Rule 60(b) apply. For this reason alone, their Rule 60(b)(6) motion should have been denied.

¶24 Inexplicably, however, neither Essex nor the District Court addressed Moose's and Vogt's oversight. Rather, in responding to Moose's and Vogt's motion, Essex proceeded directly with an analysis of the merits of the motion, and the District Court followed suit. Therefore, notwithstanding the fact that Moose's and Vogt were required by well-

established caselaw to show, first, that that none of the other five reasons in Rule 60(b) apply, *Waters*, 223 Mont. at 187, 724 P.2d at 729, we will address the merits of their motion under subsection (6).

¶25    A successful Rule 60(b)(6) motion requires that the movant demonstrate each of the following elements:  (1) extraordinary circumstances; (2) the movant acted to set aside the judgment within a reasonable period of time; and (3) the movant was blameless. *In re Paternity of C.T.E.-H.*, 2004 MT 307, ¶ 45, 323 Mont. 498, ¶ 45, 101 P.3d 254, ¶ 45 (citing *Bahm v. Southworth*, 2000 MT 244, ¶ 14, 301 Mont. 434, ¶ 14, 10 P.3d 99, ¶ 14).[4]

¶26    With respect to element (1), Essex argues that Moose's and Vogt failed to establish that the circumstances of this case were so extraordinary as to warrant relief under Rule 60(b)(6).  According to Essex, Moose's and Vogt "had the opportunity, and were clearly entitled, to appeal the summary judgment determination which the district court rendered to Essex"; however, they did not do so.  Thus, Moose's and Vogt's " 'voluntary, deliberate, free, [and] untrammeled choice' " not to appeal the District Court's summary judgment determination establishes that the requisite extraordinary circumstances do not exist in this case (alteration in original) (quoting *Ackermann v. United States*, 340 U.S. 193, 200, 71 S. Ct. 209, 212 (1950)).

---

[4] In *Peak Development, LLP v. Juntunen*, 2005 MT 82, 326 Mont. 409, 110 P.3d 13, we stated that Rule 60(b)(6) was "inapplicable" because "gross neglect or actual misconduct by Juntunen's attorney are not issues here, as required under Rule 60(b)(6)." *Peak Development*, ¶ 17.  Rule 60(b)(6), however, does not require gross neglect or actual misconduct on the part of the movant's attorney in all cases.  Rather, this requirement applies only in cases where the basis of the Rule 60(b)(6) motion is an alleged error by the movant's attorney.  *See e.g. Skogen*, ¶ 13; *Bahm*, ¶ 14.  Thus, for clarification, we overrule ¶ 17 of *Peak Development* to the extent it suggests otherwise.

¶27 In response, Moose's and Vogt reiterate that the District Court held in the declaratory judgment action that Essex had no duty to defend or indemnify them because Yarde's injury occurred as the result of a non-accidental assault and battery, but the jury found in Yarde's lawsuit that Moose's, Vogt, and Severy were negligent. Moose's and Vogt argue that these are "inconsistent judgments" that establish extraordinary circumstances for purposes of a Rule 60(b)(6) motion. Moose's and Vogt also maintain that the "actual controversy" between them and Essex in the declaratory judgment action was whether the exclusions in the policy precluded coverage for assault and battery, whereas the controversy after the jury verdict in the Yarde lawsuit "was whether there was coverage for negligence." They argue that this distinction, in addition, "presented the requisite extraordinary circumstances to the trial court to reopen the declaratory judgment action under Rule 60(b)(6)."

¶28 We disagree. The circumstances of this case are not so extraordinary as to warrant relief from judgment under Rule 60(b)(6). The thrust of Moose's and Vogt's argument is that the District Court made an erroneous factual determination in the original declaratory judgment action—namely, that the altercation between Yarde, Vogt, and Severy involved an assault ("either Vogt assaulted Yarde, Yarde assaulted Vogt, or Severy and Yarde assaulted each other and Vogt tried to suppress it, or some combination of all three events occurred"). Moose's and Vogt seek to challenge that factual determination by way of a Rule 60(b)(6) motion; in other words, it appears that they have invoked Rule 60(b)(6) either as a substitute for an appeal they wish they had taken from the District Court's order granting summary judgment in favor of Essex in the original declaratory judgment

14

action or as a request to the District Court that it simply make a different factual determination. These are improper uses of a Rule 60(b)(6) motion.

¶29 "Generally, failure to appeal for almost any reason is fatal to a motion to reopen judgment under Rule 60(b). If allowed, it would in essence make a Rule 60(b) motion a substitute for appeal, which is an improper use of the motion." *Koch v. Billings School Dist. No. 2*, 253 Mont. 261, 271, 833 P.2d 181, 187 (1992) (citing *Donovan v. Graff*, 248 Mont. 21, 25, 808 P.2d 491, 494 (1991)). In addition, as stated above, a Rule 60(b)(6) motion must contain "more than a request for rehearing or a request that the District Court change its mind. It must be shown that something prevented a full presentation of the cause or an accurate determination on the merits and that for reasons of fairness and equity redress is justified." *Lussy*, 215 Mont. at 93, 695 P.2d at 466.

¶30 Moose's and Vogt have not made such a showing. To the contrary, the record establishes that they had the opportunity to argue, and did argue, during the original declaratory judgment action that there were issues of fact as to whether the altercation between Yarde, Vogt, and Severy involved an assault and battery. Moose's and Vogt have not shown that something prevented them from making a full presentation on this issue. Next, the District Court rejected Moose's and Vogt's argument. The court determined that there was, in fact, an assault, and, based on its interpretation of the insurance policy, the court determined that the assault and battery exclusion applied. Moose's and Vogt have not shown that something prevented the court from making these determinations accurately. Moose's and Vogt then had the opportunity to appeal the District Court's determinations; they did not do so, and their suggestion that this

15

opportunity did not arise *until* the jury found negligence on the part of Moose's, Vogt, and Severy is without merit. Simply stated, they did not appeal the District Court's determinations, and they may not use Rule 60(b)(6) to remedy a decision which they now, apparently, regret.

¶31    As for Moose's and Vogt's contention that, following the jury's verdict in Yarde's lawsuit, the controversy "was whether there was coverage for negligence," we note that they were fully aware that negligence was one of Yarde's theories of recovery. Indeed, in their brief in opposition to Essex's motion for summary judgment in the original declaratory judgment action, Moose's and Vogt acknowledged that "[t]he factual situation resulting in the claim against Moose's could in the final analysis of all factual matters involve either negligence and/or some other intentional act falling short of an assault and battery." Thus, their claim that the controversy between them and Essex changed following the jury's verdict is also without merit.

¶32    For the foregoing reasons, we conclude that Moose's and Vogt have failed to satisfy the extraordinary circumstances requirement (element (1)) for a successful Rule 60(b)(6) motion. And the same is true of elements (2) and (3). Pursuant to element (2), the movant must demonstrate that he or she "acted to set aside the judgment within a reasonable period of time." *In re Paternity of C.T.E.-H.*, ¶ 45. "What is a reasonable time will depend on the particular facts of the individual case." *In re Marriage of Waters*, 223 Mont. at 189, 724 P.2d at 730. Pursuant to element (3), the movant must demonstrate that it was blameless. *In re Paternity of C.T.E.-H.*, ¶ 45.

16

¶33   Moose's and Vogt have not explicitly addressed either of these elements at any point during the course of this case. Likewise, the District Court did not set forth an analysis of their motion with respect to elements (2) and (3). Rather, the court decided that Moose's and Vogt had demonstrated that extraordinary circumstances exist in this case and, therefore, that "it is only fair and equitable to allow [them] to reopen the declaratory judgment action and seek a redetermination of insurance coverage." This analysis, which omitted the requisite determinations that Moose's and Vogt had acted to set aside the judgment within a reasonable period of time and were blameless, is insufficient. A party seeking relief from judgment pursuant to M. R. Civ. P. 60(b)(6) must demonstrate that its motion satisfies each of the three required elements; in other words, the elements are conjunctive, not disjunctive. Thus, a strong showing of extraordinary circumstances cannot supplant an analysis of timeliness and blamelessness.

¶34   In sum, Moose's and Vogt have failed to satisfy any of the three elements of a successful Rule 60(b)(6) motion. Their Rule 60(b)(6) motion for relief from the District Court's judgment in the original declaratory judgment action, therefore, fails on the merits and the District Court, accordingly, abused its discretion in granting that motion.[5]

## CONCLUSION

¶35   Moose's and Vogt have not established that they are entitled to relief under M. R. Civ. P. 60(b)(6). Not only have they failed to address the first five subsections of the rule, as required by our caselaw, but their motion also fails on the merits, since they

---

[5] Given our holding here, it is unnecessary to address Essex's alternative argument that the doctrine of res judicata bars Moose's and Vogt from bringing their Rule 60(b)(6) motion.

17

have failed to establish the existence of extraordinary circumstances, that their motion was timely, and that they were blameless. Accordingly, we hold that the District Court abused its discretion in granting Moose's and Vogt's Rule 60(b)(6) motion for relief from the court's order granting summary judgment in favor of Essex in the original declaratory judgment action. We therefore vacate all orders entered by the District Court after it granted said motion.

¶36 Reversed.

/S/ JAMES C. NELSON

W Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER


Justice Patricia O. Cotter concurs.

¶37 I concur in the Court's decision for the reasons stated therein, and also because of the manner in which the personal injury case was actually presented to the jury. While Moose's and Vogt now argue that this was a case of negligence, the fact is that the case was presented to the jury by Yarde and his counsel as one of assault and battery. Yarde testified at trial that he was deliberately shoved and grabbed by Vogt and that his leg was intentionally broken. Yarde's counsel portrayed the incident as one of jealous rage, telling the jury that the bartender stomped on Yarde's leg and broke it on purpose because of an affair that had occurred between him and Yarde's ex-wife. Moreover, the jury specifically found that Vogt had assaulted and battered Yarde and had acted with

18

malice, justifying an award of punitive damages. A punitive damages phase of the trial was then conducted.

¶38 It is true that the jury also found Moose's negligent. However, notably, the sole line on the verdict form providing for an award of compensatory damages was under a negligence caption. Had Essex been involved in the trial of the case as Moose's insurer, as it may have been had Moose's and Vogt appealed the adverse coverage decision, it would have been in a position to object to the manner in which the verdict form was presented to the jury. However, Essex was not in the case, having been long since relieved of the obligation to appear and defend, and the time for appeal having expired. Thus, the parties were free to fashion the verdict form as they saw fit, and then free to later allege that the finding of negligence had changed everything. Essex, on the other hand, stood to be bound to its detriment by a jury decision in which it took no part.

¶39 As the Court notes, extraordinary circumstances must be demonstrated to justify the reopening of a matter under Rule 60(b)(6). It must be shown that something prevented the applicants from fully presenting their case, and that notions of fairness and equity call for redress. ¶ 29. Here, no extraordinary circumstances exist. This case was always about an assault and battery, and it was presented to the jury by Yarde and his counsel as such. Fairness does not now require the reopening of a coverage decision that was premised upon facts that were actually later proved at trial.

¶40 I therefore concur.

/S/ PATRICIA COTTER

19