DA 06-0830

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 308N

IN RE THE MARRIAGE OF

LALLA D. CHADWICK,
f/k/a LALLA D. JESSUP,

      Petitioner and Appellee,

    v.

MICHAEL L. JESSUP,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 1993-316
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      James D. McKenna, Walsh & McKenna, P.C., Bozeman, Montana

    For Appellee:

      Lalla D. Chadwick (Pro Se), Belgrade, Montana

Submitted on Briefs:  September 26, 2007

Decided:  November 27, 2007

Filed:

_____
                 Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael and Lalla Jessup divorced in 1985. The Eighteenth Judicial District Court issued an order in February 1995 instructing Michael to pay approximately $10,000 in back child support. In 2005, Michael moved to permanently stay execution of this order. The District Court surmised that Michael was asking it to void the 1995 order. The court denied his motion. Michael appeals. We affirm.

## DISCUSSION

¶3 The issue on appeal is whether the District Court erred when it denied Michael's motion for a permanent stay of the District Court's order of February 21, 1995.

¶4 Our standard of review of a district court's ruling on a motion pursuant to M. R. Civ. P. 60(b) (Rule 60(b)) depends on the nature of the final judgment, order, or proceeding from which relief is sought and the specific basis of the Rule 60(b) motion. As a general rule, the district court's ruling is reviewed for abuse of discretion. However, where the movant seeks relief under subsection Rule 60(b)(4) on the ground that the judgment is void, the standard of review is de novo, since the determination that a judgment is or is not void is a conclusion of law. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, ¶ 16, 166 P.3d 451, ¶ 16 (internal citations omitted).

2

¶5 Lalla and Michael Jessup were married in 1968. The couple had four children between 1969 and 1978. Lalla filed for dissolution in August 1984. Among other things, she sought custody of the children and monthly child support. Michael was served by publication after attempts to personally serve him failed. The Fourth Judicial District Court entered a default judgment against Michael when he failed to appear and granted Lalla's request for dissolution and child support on May 20, 1985.

¶6 In February 1993 Michael made his first appearance in the matter and moved, through counsel, for a clarification order with respect to his visitation rights. In April 1993 venue was moved from the Fourth Judicial District Court to the Eighteenth Judicial District Court based on Lalla's current residency in Belgrade, Montana. Michael lived in Nevada at the time.

¶7 In June 1993 Lalla moved the court to review the status of the order of child support originally entered pursuant to the dissolution decree. Among other things, she sought payment of back child support in the amount of $11,000. In June 1994 the District Court ordered the parties to work with the Hearing Master to reach agreement on a child support amount. The court also denied Lalla's request for an order directing Michael "to pay child support arrearages and other debts," finding that Lalla had "not presented sufficient evidence to establish the existence of such arrearages."

¶8 Lalla and Michael were unable to reach a child support arrangement with the Hearing Master, and therefore returned to the court for its decision. As instructed, they presented the necessary documentation upon which the court could determine a child support amount. Additionally, Lalla presented evidence of Michael's child support

arrearages. In February 1995 the District Court determined that Michael was in arrears for back child support in the amount of approximately $10,000. The court instructed that he make monthly payments of the arrearages in addition to monthly payments of child support for the remaining minor children.

¶9 In June 2005 Michael moved to stay enforcement of the February 1995 order instructing that he pay back child support. He argued that the June 1994 order holding that there were no child support arrearages was res judicata because Lalla had not appealed it; therefore the District Court did not have jurisdiction to later order him to pay arrearages. On July 18, 2005, the District Court stayed the matter "on a temporary basis" and instructed the parties to file "such motions, briefs or other pleadings as may be necessary to bring this matter to conclusion." Neither party filed additional arguments until Michael filed a Motion for Permanent Stay of Enforcement in December 2005, presenting the same argument he had presented in his previous motion to stay. After additional motions and responses were filed by both parties the District Court issued its Decision and Order on November 16, 2006.

¶10 The District Court denied Michael's motion, surmising that because Michael did not appeal the February 1995 order he was presumably requesting that the District Court void its February 1995 order under Rule 60(b)(4), MCA. The District Court, noting that Rule 60(b) requires that such a motion be filed "within a reasonable time," concluded that Michael had provided no authority justifying the granting of such a request ten years and four months after the order was issued. The District Court's analysis is sound and we will not disturb it.

4

¶11 We have decided this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that the legal issue presented in this case is clearly controlled by settled Montana law which the District Court correctly interpreted.

¶12 For the foregoing reasons, we affirm the judgment of the District Court.


/S/ PATRICIA COTTER


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS