DA 06-0798

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 355N

IN RE THE MARRIAGE OF
SAMUEL S. PETRYSZAK,

        Petitioner and Appellee,

    v.

ANNE F. PETRYSZAK,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR 2004-085A
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jerry Klimaszewski, Attorney at Law, Bigfork, Montana

        For Appellee:

        M. Penny Leatzow, Professional Offices, PC, Kalispell, Montana

        Submitted on Briefs:  October 17, 2007

        Decided:  December 19, 2007

Filed:

_____
        Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, the Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Anne Petryszak ("Anne") appeals from the order of the District Court for the Eleventh Judicial District, Flathead County, denying her motion to set aside the court's judgment. Anne's husband, Samuel Petryszak ("Samuel") filed for divorce in February 2004. The case proceeded to a nonjury trial on March 28, 2005. During a break in the trial, the parties negotiated a settlement of the remaining issues, and the terms of the settlement agreement were read into the District Court's record. However, Anne ultimately refused to sign the settlement documents prepared by her attorney.

¶3     In October and November 2005, Anne filed two motions styled "Motion for Retrying Attorney (In) Court Settlement Agreement" and "Motion to Petition Court for Production of Valuation of Assests [sic]." She requested that the District Court vacate the settlement agreement and reopen the matter for additional discovery and an eventual trial. Samuel filed an objection as well as a Motion for Order Requiring Respondent to Comply with Agreement. On December 9, 2005, the District Court denied Anne's motions and granted Samuel's motion. The court entered its Findings of Fact, Conclusions of Law & Final Decree of Dissolution on July 26, 2006.

¶4 Anne did not appeal this final judgment. Rather, on October 2, 2006, she filed a motion under M. R. Civ. P. 60(b) to set aside the judgment on the ground that it was "null and void." The District Court denied Anne's motion on November 6, 2006, and Anne now appeals.

¶5 On appeal, Anne argues that the District Court was required to base its findings of fact and conclusions of law on a "formal settlement" in writing and that, since there was no such "formal settlement" in the record, there was no basis for the District Court's findings of fact and conclusions of law. In response, Samuel maintains that the District Court "had substantial documentation, testimony and evidence to substantiate the terms of the Decree of Dissolution."

¶6 As a general rule, we review a district court's ruling on a Rule 60(b) motion for abuse of discretion. *See Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, ¶ 16, 166 P.3d 451, ¶ 16. However, M. R. App. P. 23(a)(4) (superseded by M. R. App. P. 12(1)f., as of October 1, 2007) requires an appellant's argument to contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." Furthermore, this Court is under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *Leichtfuss v. Dabney*, 2005 MT 271, ¶ 37 n. 8, 329 Mont. 129, ¶ 37 n. 8, 122 P.3d 1220, ¶ 37 n. 8.

¶7 Here, Anne has presented no argument that the District Court erred in denying her Rule 60(b) motion. She argues that the District Court's findings of fact and conclusions of law accompanying the final decree of dissolution had to be based on a "formal

3

settlement," but she does not connect this argument to a specific ground for relief under Rule 60(b). Nor does she explain why the absence of a written separation agreement in the record entitles her to relief under Rule 60(b). We will not consider unsupported issues or arguments. *Leichtfuss*, ¶ 37 n. 8.

¶8     Having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Given Anne's failure to comply with M. R. App. P. 23(a)(4), we will not reach the merits of her appeal.

¶9     Accordingly, the judgment of the District Court is affirmed.


/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS