FILED

May 28 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 12-0672

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 144N

NORTHWEST TRUCK REPAIR, INC.,

      Plaintiff and Appellee,

  v.

BRUCE MCALLISTER dba GREAT NORTHERN
FUEL SERVICE and ALLYN WILLIAMS,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV-12-481(D)
                    Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Mark W. Buckwalter, Buckwalter Law Firm, PLLC, Kalispell, Montana

      For Appellee:

           James C. Bartlett, Attorney at Law, Kalispell, Montana

                            Submitted on Briefs:  April 30, 2013

                                     Decided:   May 28, 2013

Filed:

                        _____
                                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This appeal arises over truck repairs performed by Northwest Truck Repair, Inc. ("Northwest") on a 1985 Kenworth T600A truck owned by Allyn Williams. Bruce McAllister d/b/a/ Great Northern Fuel Service ("McAllister") made arrangements with Williams to lease the truck to haul rock. The truck broke down shortly after McAllister picked it up from Williams, so McAllister took the truck to Northwest for an inspection and diagnosis. Northwest recommended that the entire engine be replaced. McAllister asserts that he did not authorize such repair and that he assumed Williams would make the decision. Northwest, on the other hand, asserts that McAllister agreed to the engine replacement and even agreed to pay for it. In any case, Northwest ultimately made the repairs to the truck, totaling a little over $30,000, but neither Williams nor McAllister paid for them.

¶3 Northwest filed a complaint against Williams and McAllister in the Eleventh Judicial District Court, Flathead County, on April 30, 2012. McAllister was served with a Summons, Complaint, and Temporary Restraining Order and Order to Show Cause on May 15, 2012. Williams was served on May 16. The parties were ordered to appear before the District Court on May 24 and show cause why the truck should not be held by Northwest to protect its statutory possessory lien for services rendered. Williams appeared at the hearing and entered into a Stipulation with Northwest, which the District Court approved. Williams

2

agreed to sign and deposit the title to the truck with the District Court. Williams further agreed to list Northwest as an additional insured on the truck and to sign a promissory note for $4,000.00 payable to Northwest within 30 days. Northwest agreed that the truck would be released to Williams so that he could use it in his rock business. Lastly, the Stipulation recited that

> [t]his agreement does not resolve the ultimate issue of the lien of the Plaintiff or the defenses of Defendant Allyn Williams. No party has waived any claim or recourse. All parties retain all legal remedies and defenses available in law and equity. Defendant Allyn Williams acknowledges that the Court may yet order him to return the truck to the Plaintiff and the possessory lien reinstated.

¶4 McAllister did not appear at the May 24 hearing. On June 8, 2012, the Clerk of the District Court entered McAllister's default, and on June 26, the District Court granted Northwest's motion for default judgment against McAllister in the sum of $30,065.52, plus attorney's fees in the sum of $800.00 and costs of $335.35. A writ of execution was filed July 12.

¶5 On August 7, 2012, McAllister filed a motion to set aside the judgment on grounds of mistake, inadvertence, surprise, or excusable neglect, M. R. Civ. P. 60(b)(1), or "any other reason that justifies relief," M. R. Civ. P. 60(b)(6). The parties fully briefed the motion. McAllister filed an affidavit, in which he explained that he had been "confused as to the validity of the law suit and it's [sic] applicability to me, because I did not own the Truck in question, I did not authorize repairs on the Truck and did not have the legal authority to do so, and I did not have the Truck in my possession." McAllister stated that he had discovered the default judgment against him on July 27, 2012, when he obtained a credit report. The

3

District Court did not enter a ruling within 60 days, and the motion was therefore "deemed denied." M. R. Civ. P. 60(c)(1). McAllister now appeals.

¶6      It is the policy of the law that every litigated case should be tried on the merits and, thus, judgments by default are not favored. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 17, 338 Mont. 423, 166 P.3d 451. Accordingly, when the trial court has denied a motion to set aside a default judgment, only a slight abuse of discretion need be shown to warrant reversal. *Green v. Gerber*, 2013 MT 35, ¶ 13, 369 Mont. 20, ___ P.3d ___; *Grizzly Sec. Armored Express, Inc. v. Armored Group, LLC*, 2009 MT 396, ¶ 12, 353 Mont. 399, 220 P.3d 661. Here, McAllister did not simply ignore the filing of Northwest's complaint. He believed, rather, that the lawsuit did not apply to him. He did not understand that there was a threat of any action other than the seizure of the truck and the sale of it to pay for the repairs, which did not involve him. McAllister did not have an ownership interest in the truck; he had only a lease on the truck for a short period of time. Per the Stipulation, the truck was returned to Williams. Hence, if the default judgment stands, McAllister will suffer extreme prejudice, as he will have to pay $30,065.22 for repairs to a truck in which he has no legal interest, plus attorney's fees and costs. Northwest, on the other hand, will not suffer the same sort of extreme prejudice if the default judgment is set aside and a trial is had on the merits. "We resolve any doubt regarding whether the [party's] neglect was excusable in favor of trial on the merits." *Grizzly Sec.*, ¶ 17. Doing so here, and in the absence of any contrary findings by the District Court, we conclude that McAllister has shown slight abuse of discretion in the court's failure to grant him relief under Rule 60(b)(1).

4

¶7     We have determined to decide this case under Section I, Paragraph 3(d)(iii) of our Internal Operating Rules, pursuant to which this Court may enter a noncitable memorandum opinion reversing the judgment of the trial court where it is manifest on the face of the briefs and the record that the issue on appeal is one of judicial discretion and there clearly was an abuse of discretion. Having reviewed the briefs and the record, we conclude that McAllister has demonstrated a slight abuse of discretion in the District Court's denial of his motion to set aside the default judgment.

¶8     Reversed and remanded for further proceedings.


                                        /S/ LAURIE McKINNON


We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS

5