DA 13-0449

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 67N

IN RE THE MARRIAGE OF:

DONNA MILLER,

        Plaintiff and Appellee,

  and

DONALD MILLER,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Sixteenth Judicial District,
                     In and For the County of Custer, Cause No. DV 2012-93
                     Honorable Joe L. Hegel, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Donald D. Miller (Self Represented), Miles City, Montana

        For Appellee:

                Donna J. Miller (Self Represented), Apache Junction, Arizona


                               Submitted on Briefs:  February 19, 2014
                                     Decided:  March 11, 2014


Filed:

                _____
                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Donald Miller appeals from an order of the Sixteenth Judicial District Court, Custer County, authorizing the seizure and sale of his vehicle in satisfaction of a foreign judgment. We affirm.

¶3 Donald and Donna Miller were married June 17, 1957. The marriage was dissolved by decree of the Superior Court of Arizona, Maricopa County, on October 15, 2007. The judgment and decree awarded Donna certain marital property and ordered Donald to pay spousal support and attorney's fees. Donald appealed to the Arizona Court of Appeals, which issued a memorandum opinion, and then to the Arizona Supreme Court, which denied his petition for review on July 30, 2009. Donald did not comply with the order. Donna pursued legal action in the Maricopa County Superior Court attempting to enforce the judgment. On April 23, 2010, Donald was held in contempt for failure to pay spousal support. On November 22, 2010, he was ordered to pay attorney's fees, the value of jewelry and vehicles, and to participate in the division of the parties' remaining accounts. Again, Donald failed to comply with the order.

¶4 Donald moved from Arizona to Miles City, Montana. On December 3, 2012, Donna filed a notice of filing of foreign judgment in the Custer County District Court, claiming $91,569 in unsatisfied judgments from Arizona. On April 17, 2013, the District Court issued

2

a writ of execution for sale of property, authorizing the sheriff to seize and sell Donald's vehicle, a 2012 Jeep Patriot, and apply the proceeds to the judgment. Donald filed a document objecting to the seizure and sale. The District Court treated the document as a motion for relief from judgment pursuant to M. R. Civ. P. 60(b), and denied the motion because it had not been filed within a reasonable time. Due to the ambiguous legal nature of Donald's objection, the District Court allowed him additional time to file documents claiming an exemption in the property or showing that the judgment had already been satisfied. Instead of filing the appropriate documents, Donald submitted several pages vociferously challenging the original judgment and decree. Accordingly, the District Court ordered the sheriff to proceed with the sale of Donald's Jeep.

¶5 The denial of a motion for relief under M. R. Civ. P. 60(b) is generally reviewed for abuse of discretion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451. A foreign judgment filed in a Montana district court may be reopened, vacated, or stayed in the same manner as a judgment of a Montana district court. Section 25-9-503, MCA. A party may move for relief from a final judgment "within a reasonable time." M. R. Civ. P. 60(c)(1). If the relief is requested due to fraud, misrepresentation, or misconduct by an opposing party, the motion must be made no more than a year after the entry of judgment. M. R. Civ. P. 60(b)(3), (c)(1).

¶6 On appeal, Donald asks this Court to reexamine the judgment and decree of the Maricopa County Superior Court entered in 2007. He claims Donna lied to the courts and stole community property, and that these actions were ignored and even condoned by the Arizona courts. His request for relief from the Arizona judgment is based on accusations of

3

fraud and misconduct. As such, the motion was required to be brought within one year of the judgment. M. R. Civ. P. 60(b)(3), (c)(1). More than six years have passed since entry of the original judgment and decree in this case. The motion was not made within a reasonable time. M. R. Civ. P. 60(c)(1). Donald has already appealed the judgment to the Arizona Court of Appeals and the Arizona Supreme Court without success. The District Court did not abuse its discretion by declining to reopen the judgment.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are ones of judicial discretion, and there clearly was not an abuse of discretion.

¶8 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE