ORIGINAL

FILED

03/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0341

DA 19-0341

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 62N

IN RE THE PARENTING OF:

E.L.O., A Minor Child.

SHANA O'BRIEN,

      Petitioner and Appellant,

and

LUKE LAUTARET,

      Respondent and Appellee.

FILED

MAR 1 7 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-14-192(C)
Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Mary-Elizabeth M. Sampsel, Measure Law, P.C., Kalispell, Montana

    For Appellee:

        Luke Lautaret, Self Represented, Kalispell, Montana

Submitted on Briefs: February 26, 2020

Decided: March 17, 2020

Filed:

_____
             Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Petitioner Shana O'Brien appeals the Eleventh Judicial District Court's June 6, 2019 Order on Petitioner's Motion for Relief from Orders, together with all of the underlying orders from which she had sought relief.[1] Shana and Respondent Luke Lautaret have a now six-and-a-half-year-old child together from their prior intimate relationship. They entered a stipulated parenting plan in April 2014, which Luke sought to amend less than a year later. The case was referred to the Eleventh Judicial District's Family Court Services (FCS) program in October 2017; neither party objected at the time. The order of referral ordered the parties to participate in whatever evaluations or services were deemed necessary by FCS and to "follow any recommendations of Family Court pending further Order of the Court." It further ordered that "the Report and recommendations of Family Court Services, regarding a parenting plan and parental contact shall be binding upon the parties' hereto pending entry of a further Order from this Court." Neither party objected, and both proceeded to cooperate with the process.

---

[1] Shana also appealed the District Court's June 6, 2019 Findings of Fact, Conclusions of Law and Order on Motions for Contempt, but withdrew her appeal of that order in her reply brief.

2

¶3      The FCS program submitted a letter to Shana and Luke on December 1, 2017, directing an interim parenting schedule "in effect immediately." It followed with a comprehensive confidential report to the court on February 22, 2018, copied to both the parties and their counsel. Five days later, the District Court entered an order approving and adopting the report and recommendations and giving the parties thirty days to request a contested hearing on their proposed parenting plans and the adoption of the FCS report. Shana then retained new counsel and moved to stay the order approving the FCS recommendation until there could be a hearing. The court denied the stay and set a hearing for June 14, 2018, which was continued and then continued again until October 3, 2018. At that October 3 hearing, Shana's counsel questioned the FCS administrator extensively about the program's processes and moved in open court for relief, pursuant to M. R. Civ. P. 60(b)(6), from its previous orders dating back to the initial order for referral to FCS.

¶4      The District Court entered its written order on June 6, 2019, denying Shana's motion for relief from the FCS referral and its prior orders. Citing *Bd. of Comm'rs v. Eleventh Judicial Dist. Ct.*, 182 Mont. 463, 470, 597 P.2d 728, 732 (1979), it held that the FCS program, created in 1974, is authorized by §§ 3-3-112(1) and 3-2-704, MCA, as a "suitable process or mode of proceeding" for the District Court to follow to carry out its statutorily mandated duties. The court stated, "FCS does have legal authority, through the judges, to make decisions." The District Court also rejected Shana's argument that FCS failed to apply the "changed circumstances" threshold criterion before revising a parenting plan under § 40-4-219, MCA. The court stated, "[T]he considerations outlined

3

in that statute were not FCS's responsibility. They were the Court's and it was implicit at the hearings prior to this motion that there had been substantial changes in the circumstances of the child since the 2014 Plan." The court observed that the parties were not following the 2014 Plan, that both essentially sought amendment to the 2014 Plan, and that "both at one point or another recognized that referral to FCS was appropriate."

¶5 The District Court concluded:

> The Court agrees that some aspects of FCS's information gathering and report are problematic[,] but the Petitioner was able to confront the FCS supervisor and made these arguments at the hearing in which she contested FCS's recommendations. The movant has not shown that something prevented a full presentation of her cause or an accurate determination on the merits with respect to the Court's Order for Referral.

¶6 Shana argues that the District Court erred by granting FCS the authority to make binding recommendations, impermissibly delegating judicial authority. Thereafter, Shana contends, the District Court erred by accepting and approving the FCS recommendations carte blanche without first holding a hearing. She maintains further that the court erred in amending the parenting plan prior to a hearing and without making any findings, which are required before a court can amend a parenting plan.

¶7 Responding to Luke's argument that she is "attempting an end-run" around the FCS recommendations by objecting to the process, Shana contends that in this case, the problem *is* the process. Notably, however, she was a willing participant in that process for well over a year, up to the time when the court held its hearing on the final FCS recommendations. Luke filed a motion for referral to FCS on June 8, 2017. Shana filed no opposition. He filed another motion for referral to FCS on September 28, 2017.

4

Shana filed no opposition. The District Court considered the motion at the October 25, 2017 hearing. Shana, represented by counsel at that hearing, voiced no objection. Counsel indicated that she would stipulate to the FCS referral but requested that the 2014 stipulated parenting plan remain in place pending that evaluation. Having already entered interim amendments to the parenting plan several months earlier, the court denied Shana's request to reinstate the 2014 stipulated plan. When the court's order of referral issued the next day directing the parties to "[f]ollow any recommendations of Family Court pending further Order of the Court," Shana made no objection. And when FCS issued its December 1, 2017 letter with "binding" recommendations, Shana made no objection to the District Court. The District Court's February 27, 2018 order adopting the FCS recommendations "until further order of the Court" provided that either of the parties could request within 30 days a contested hearing "on their proposed parenting plan and the adoption of the Report of Family Court Services." Shana filed a request for hearing on the recommendations, and the court promptly entered an order scheduling a full-day hearing.

¶8 Bedrock in Montana jurisprudence is the maxim that "[a]cquiescence in error takes away the right of objecting to it." Section 1-3-207, MCA. "We will not place the District Court in error 'for an action to which the appealing party acquiesced or actively participated.'" *Horn v. Bull River Country Store Props.*, 2012 MT 245, ¶ 25, 366 Mont. 491, 288 P.3d 218. Though Shana raises numerous substantive objections to the operations and authority of the Eleventh Judicial District's FCS program, much water has flowed under the bridge since the District Court's initial order of referral, and we

5

conclude that her objections come too late. Shana agreed to FCS involvement and actively participated in the FCS process up until the October 2018 hearing. The District Court acknowledged the facial legitimacy of some of Shana's concerns but noted that she had received opportunity to make a full presentation of her objections to the FCS recommendations. When Shana filed her appeal, the court had not yet issued a final parenting plan or an order on the substance of the FCS recommendations to which Shana objected.

¶9 We review a district court's ruling on a Rule 60(b)(6) motion for abuse of discretion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 18, 338 Mont. 423, 166 P.3d 451. We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Shana's appeal presents a question resolved by the applicable standard of review. Because Shana acquiesced in the error of which she now complains, we conclude that the District Court did not abuse its discretion in denying Shana's motion for Rule 60(b) relief. Its order is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

6

Justices