FILED

12/20/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0218

DA 22-0218

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 248N

IN RE THE MARRIAGE OF:

ELAINE HERMAN GIRDLER,

Petitioner and Appellant,

and

JEFFREY ALAN GIRDLER,

Respondent and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADR-2021-308,
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Joseph Nevin, Joseph Nevin Attorney at Law, Helena, Montana

Rachel N. Mech, Offit Kurman, P.A., Baltimore, Maryland

For Appellee:

Michelle H. Vanisko, Hinshaw & Vanisko, PLLC, Helena, Montana

Submitted on Briefs:   November 30, 2022

Decided:   December 20, 2022

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On November 16, 2020, Petitioner and Appellant Elaine Herman Girdler (Elaine) and Respondent and Appellee Jeffrey Alan Girdler (Jeffrey) were married in Helena, Montana. They resided together, for the few months they were married, in Howard County, Maryland, where Jeffrey lives. In February of 2021, Elaine left Maryland and returned to Montana. When she left, Jeffrey filed a Complaint for Limited Divorce in the Circuit Court for Howard County, Maryland. Elaine was served with the Complaint on July 13, 2021.

¶3 On July 16, 2021, after having been served with Jeffrey's Complaint, Elaine filed her own "Petition for Annulment of Marriage" in Lewis and Clark County, Montana. No summons to Jeffrey was issued at that time. Next, Elaine filed an Answer to Complaint in the Circuit Court for Howard County on September 8, 2021, which was received by the Clerk on September 13, 2021. In her Answer, Elaine agreed that Jeffrey had been a resident of the State of Maryland for more than six (6) months preceding the filing of his Complaint.

¶4 On September 9, 2021, Elaine filed an Amended Petition, and served Jeffrey—for the first time—on September 15, 2021. On December 20, 2021, Elaine filed an "affidavit" for a default judgment in Montana. At no time did Elaine ever notify the District Court in

2

Montana that another proceeding was pending in Maryland. The District Court issued a Decree of Invalidity of Marriage (Decree) on January 27, 2022.

¶5     In March of 2022, Jeffrey learned of the Decree and filed a Motion to Set Aside Judgment with a supporting affidavit and attachments evidencing the Maryland proceedings. Elaine filed a Response objecting to setting aside the Decree. On April 1, 2022, the District Court issued its order setting aside the Decree. The District Court reasoned that because Elaine had submitted to jurisdiction in Maryland, setting aside the Decree and allowing the Maryland proceedings to continue was in the interest of sound administration. Elaine appeals.

¶6     We review a district court's ruling setting aside a default judgment under M. R. Civ. P. 60(b) for a manifest abuse of discretion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 17, 338 Mont. 423, 166 P.3d 451. The same standard of review applies when a court declines to exercise jurisdiction based on the first-to-file rule. *Wamsley v. Nodak Mut. Ins. Co.*, 2008 MT 56, ¶ 32, 341 Mont. 467, 178 P.3d 102.

¶7     The issue before this Court involves considerations of comity, not jurisdiction. Both Maryland and Montana have jurisdiction over the parties' dispute. "Comity" is not a rule of law, but one of practice, convenience, and expediency. It is "an expression of one state's entirely voluntary decision to defer to the policy of another." *Simmons v. State*, 206 Mont. 264, 289, 670 P.2d 1372 (1983). The first-to-file doctrine is:

> A generally recognized doctrine of . . . comity which permits a district court
> to decline jurisdiction over an action when a complaint involving the same
> parties and issues has already been filed in another district. . . . [T]his "first
> to file" rule is not a rigid or inflexible rule to be mechanically applied, but

3

rather is to be applied with a view to the dictates of sound judicial administration.

*Wamsley*, ¶ 32 (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982)).

¶8 As the District Court found, it is undisputed that Jeffrey resided in Maryland for at least six months before filing his Complaint and that his Complaint was filed first. Elaine filed an Answer submitting to jurisdiction in Maryland. Elaine never notified the District Court that there was a pending proceeding involving the dissolution in Maryland. Based on the record and the District Court's reasons set forth in the order, we conclude there was no abuse of discretion in setting aside the Decree entered in Montana, declining to exercise Montana jurisdiction, and dismissing Elaine's Amended Petition for Invalidity of Marriage.

¶9 Jeffrey has requested Elaine pay his attorney fees for having to defend this appeal, arguing the appeal is frivolous. Jeffrey has not provided any legal authority in support of his request. Nonetheless, we conclude the record does not support an award of attorney fees to Jeffrey.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶11    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

Justice Jim Rice did not participate in this matter.