DA 09-0031

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 335N

LANA VLAHAKIS and BRENDA HYDE,

Plaintiffs and Appellees,

v.

BRENDA BURKHARTSMEIER and
MOUNTAIN MANUFACTURING, INC.,

Defendants and Appellants.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 07-623
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Malcolm H. Goodrich, Goodrich Law Firm, Billings, Montana
Randall George Nelson, Nelson & Dahle, Billings, Montana

For Appellees:

James A. Patten, Patten, Peterman, Bekkedahl & Green,
Billings, Montana

Submitted on Briefs:  September 23, 2009
Decided:  October 14, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Brenda Burkhartsmeier (Burkhartsmeier) and Mountain Manufacturing, Inc. (MMI) appeal from the District Court's order denying their motion to alter or amend the judgment in favor Lana Vlahakis and Brenda Hyde (collectively Vlahakis). We affirm.

¶3 Vlahakis obtained a judgment on October 31, 2006, against MMI for $47,630.22. MMI did not appeal the judgment. Vlahakis proceeded with post-judgment discovery in an effort to collect on the judgment. One of the assets appearing on MMI's balance sheet included a shareholder receivable due to MMI from Burkhartsmeier for approximately $467,000. Vlahakis purchased the receivable for $1,000 at a properly conducted sheriff's sale of MMI's assets. Burkhartsmeier did not bid at the sheriff's sale.

¶4 Burkhartsmeier acknowledged the receivable. She claimed she had made some payment on it. Vlahakis sought to attach the receivable for purposes of execution on the judgment. At that point, Burkhartsmeier produced a document purporting to have assigned the receivable from MMI to Burkhartsmeier on October 26, 2006. Burkhartsmeier claimed that she received the assignment from MMI in consideration of her assumption of certain specified debts. Burkhartsmeier executed the assignment as both assignor and assignee.

2

¶5     Vlahakis discovered that MMI lacked sufficient funds to pay the judgment owing to her. Vlahakis instituted a second action against MMI and Burkhartsmeier personally for payment of the receivable and an order to assess the first judgment directly against Burkhartsmeier. Vlahakis alleged fraudulent transfer and sought to pierce MMI's corporate veil. MMI did not appear in the suit and the court entered a default. The case proceeded to trial with Burkhartsmeier and Vlahakis. The court ruled in favor of Vlahakis. The court determined that the transfers either were fraudulent or intended to defraud creditors, or, in the alternative, that MMI did not receive adequate compensation from the transfers from MMI to Burkhartsmeier. The court found that MMI's corporate veil should be pierced and that Burkhartsmeier should be held personally liable. The court entered a judgment of $508,358.74 in favor of Vlahakis. The court denied Burkhartsmeier's motion pursuant to M. R. Civ. P. 59(g) to alter or amend the judgment. Burkhartsmeier appeals.

¶6     Burkhartsmeier argues on appeal that the District Court allowed Vlahakis to bootstrap the original judgment of $47,630.22 with interest into the larger judgment against Burkhartsmeier personally. Burkhartsmeier argues that the first judgment constitutes the sole debt owed to Vlahakis. She contends that the MMI receivable was owed, if it was owed at all, by Burkhartsmeier, the sole shareholder of MMI, to MMI. Burkhartsmeier further contends that Vlahakis grossly underpaid for the purchase of the MMI receivables at the sheriff's sale. She argues that any recovery by Vlahakis of the new MMI receivable above the value of the original judgment of $47,630.22 constitutes a clear violation of § 25-13-402(2), MCA, which directs that excess proceeds should be remitted to a judgment debtor,

3

and § 25-13-402(1), MCA, which directs that the purpose of execution is to satisfy the executed debt.

¶7    Burkhartsmeier presents many arguments here that should have been raised in a different case. For example, Burkhartsmeier, as the person affected by the sheriff's sale, or MMI, of which Burkhartsmeier was the sole shareholder, should have raised the arguments regarding alleged deficiencies with the sheriff's sale in an appeal from that judgment and execution. Burkhartsmeier makes the arguments regarding the sheriff's sale too late in this litigation, and, as a result, we will not consider them here.

¶8    The decision to alter or amend a judgment rests within the sound discretion of the District Court. *Lopez v. Josephson*, 2001 MT 133, ¶ 16, 305 Mont. 446, 30 P.3d 326. We review for an abuse of discretion whether a district court erred in refusing to set aside an execution sale. *State ex rel. Daniels v. Dist. Court*, 145 Mont. 406, 403 P.2d 634 (1965). A district court abuses its discretion if it acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason in a manner that results in a substantial injustice. *Essex Ins. Co. v. Moose Saloon, Inc.*, 2007 MT 202, ¶ 19, 338 Mont. 423, 166 P.3d 451. We have determined to decide this case pursuant to Section I, Paragraph 3(d)(v), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court did not act arbitrarily without employment of conscientious judgment or exceed the bounds of reason in determining not to set aside the judgment, and, in turn, to consolidate the first judgment into a large judgment that included the MMI receivable.

4

¶9     We affirm.

                                    /S/ BRIAN MORRIS

We Concur:


/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE