FILED

December 29 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 11-0299

DA 11-0299

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 352N

ERNIE GARCIA,

      Plaintiff and Appellee,

    v.

MOUNTAIN MANUFACTURING, INC., MOUNTAIN
MUDD, LLC, THE COFFEE COOPERATIVE, INC.,
ABC COFFEE, LLC, BRENDA BURKHARTSMEIER,
and DENNIS BURKHARTSMEIER,

      Defendants and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District, In and For the County of Yellowstone, Cause No. DV 07-0506 Honorable Russell C. Fagg, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Brenda Burkhartsmeier, self-represented; Post Falls, Idaho

      For Appellee:

            Michele L. Braukmann, Brian O. Marty, Moulton Bellingham PC; Billings, Montana

Submitted on Briefs: November 18, 2015
Decided: December 29, 2015

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The District Court for the Thirteenth Judicial District, Yellowstone County, granted summary judgment and entered a Final Judgment against the above-named corporate Defendants and against Appellant Brenda Burkhartsmeier personally. Burkhartsmeier appeals from the judgment entered against her personally.  We affirm.

¶3     In 2004, Plaintiff and Appellee Ernie Garcia entered into two agreements with Mountain Manufacturing, Inc. (MMI) for the purchase of two pre-manufactured coffee kiosks.  The kiosks were never delivered.  In addition, Garcia entered into a membership/cooperative agreement with the Coffee Cooperative, Inc., in which Coffee Cooperative agreed to provide training and supplies in exchange for Garcia using the Mountain Mudd name and trademark.  Garcia never received any management training, supplies, or services in order to operate a coffee kiosk.  Burkhartsmeier was the president and sole shareholder of MMI, and was also was the sole owner and president of Mountain Mudd, LLC, which later changed its name to ABC Coffee, LLC.  In signing these various agreements, Garcia dealt with Burkhartsmeier personally.

¶4 Garcia filed suit against Burkhartsmeier and the other above-named Defendants in April of 2007, asserting, among other claims, breach of contract, fraud, unfair trade practices, and bad faith, all arising from a contract dispute. The District Court granted summary judgment to Garcia on April 18, 2008 on the breach of contract claim. The court awarded Garcia damages in the amount of $194,322.06, plus interest. However, in October 2008, the District Court granted Burkhartsmeier's Motion to Amend the judgment, concluding that the facts were insufficient to sustain a judgment against Burkhartsmeier and her husband, Dennis, personally, but maintaining the judgment against the corporate Defendants. Garcia was unable to collect on the judgment against any of the corporate Defendants, as all were insolvent. Later, Burkhartsmeier filed for bankruptcy and the litigation was stayed.[1]

¶5 Contemporaneously with Garcia's suit, Lana Vlahakis brought a nearly identical action in the same judicial district against Burkhartsmeier and MMI for breach of contract stemming from the sale of coffee kiosks. Vlahakis obtained a judgment against MMI, which MMI did not appeal. When Vlahakis determined that MMI lacked funds to pay the judgment, she instituted a second lawsuit against MMI and Brenda Burkhartsmeier personally, alleging fraudulent transfer of corporate funds. In the second case, the District Court concluded that "Defendant [Burkhartsmeier] has manipulated the sale of assets and the application of the proceeds in order to commit a fraud upon creditors of MMI, specifically including Plaintiffs." The District Court ordered that

---

[1] This appeal was stayed by reason of Burkhartsmeier's bankruptcy from September 2011 to June 2015.

"[t]he corporate veil [of MMI] shall be pierced and Defendant [Burkhartsmeier] is personally liable for the Judgment entered against MMI." This judgment was appealed to this Court and we affirmed in 2009. *See Vlahakis v. Burkhartsmeier*, 2009 MT 335N, 354 Mont. 390, 222 P.3d 643 (table).

¶6    In February 2011, Garcia again moved for summary judgment against Burkhartsmeier, requesting the District Court take judicial notice of the proceedings in the *Vlahakis* case and arguing he was entitled to a judgment against Burkhartsmeier personally as a matter of law, because collateral estoppel barred litigation of the same issues already decided. Specifically, Garcia argued he was entitled to a judgment against Burkhartsmeier personally based on the determination of fraud and the piercing of the corporate veil in *Vlahakis*, and his previous judgment against MMI. The District Court granted summary judgment to Garcia on April 26, 2011, and entered a Final Judgment against all corporate Defendants and against Burkhartsmeier personally. From this judgment Burkhartsmeier appeals.

¶7    "Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. . . . On appeal from a summary judgment, this Court reviews the case *de novo*." *Steinback v. Bankers Life & Cas. Co.*, 2000 MT 316, ¶ 11, 302 Mont. 483, 15 P.3d 872 (reviewing a district court's granting of summary judgment on a breach of contract claim).

¶8    On appeal, Burkhartsmeier argues the District Court erred in granting summary judgment against her personally. She points out that in his motion for summary

4

judgment, Garcia claimed that the *Vlahakis* court determined that Mountain Mudd had made fraudulent transfers to Burkhartsmeier, instead of MMI. Because Garcia named the wrong corporate Defendant in his brief, Burkhartsmeier argues the judgment was entered against her in error, as the elements of collateral estoppel were not met.

¶9 There is little doubt that the fast and loose manner in which these corporate entities shifted assets and changed names was a cause for confusion on the part of Garcia and his counsel. The fact that the Burkhartsmeiers were behind the ownership and operation of all of these enterprises, sometimes simultaneously, makes the distinctions between the entities as clear as mud. Despite the fact that Garcia's counsel mistakenly listed Mountain Mudd in his original brief, he acknowledged the mistake in his reply brief and clarified that MMI was the correct corporate entity that the *Vlahakis* court found made fraudulent transfers to Burkhartsmeier, adding "Ernie [Garcia] respectfully submits that Defendants could not possibly be legitimately confused about what fraudulent transfer Ernie was referring to . . . ." Further, the District Court took judicial notice of the *Vlahakis* case, and was well acquainted with the fact of this case. It correctly identified the right party (MMI) in its Order:

> This Court finds that the corporate veil of Mountain Manufacturing, Inc. is pierced. This Court finds that the fraudulent transfer by Brenda Burkhartsmeier is a fraudulent transfer as to all creditors. Ernie Garcia is a creditor and he has been defrauded by Brenda Burkhartsmeier. This Court finds that Brenda Burkhartsmeier is personally liable for the judgment debt of Mountain Manufacturing, Inc. owed to Plaintiff Ernie Garcia.

¶10 "Collateral estoppel, or issue preclusion, bars the reopening of an issue that has been litigated and determined in a prior suit." *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15,

5

331 Mont. 281, 130 P.3d 1267. In that case, we clarified that application of collateral estoppel requires that:

1. The identical issue raised was previously decided in a prior adjudication;

2. A final judgment on the merits was issued in the prior adjudication;

3. The party against whom collateral estoppel is now asserted was a party or in privity with a party to the prior adjudication; and

4. The party against whom preclusion is asserted must have been afforded a full and fair opportunity to litigate any issues which may be barred. *Baltrusch*, ¶ 18.

¶11 Here, Garcia alleged fraud against Burkhartsmeier in his complaint, and the District Court found that "the fraudulent transfer by Brenda Burkhartsmeier is a fraudulent transfer as to all creditors." A final judgment on the merits was issued on the *Vlahakis* case; it proceeded to trial and was affirmed by this Court on appeal. Burkhartsmeier and MMI were both named defendants in the *Vlahakis* case and in the present case; and because the *Vlahakis* case was litigated through trial and appeal, we are satisfied that Burkhartsmeier had a full and fair opportunity to litigate the issues at hand.[2]

¶12 With all the elements of collateral estoppel being satisfied, the District Court did not err in granting summary judgment for Garcia, and entering an order holding Burkhartsmeier personally liable.

---

[2] Burkhartsmeier also argues that *Vlahakis* is not final, citing language in our unpublished memorandum opinion that "Burkhartsmeier presents many arguments here that should have been raised in a different case." However, we affirmed the district court's denial of her motion to amend the judgment. We used that language merely to summarily dismiss several of her arguments on appeal, and in no way indicated that the *Vlahakis* case was not final.

¶13 Burkhartsmeier raises an argument in her reply brief, namely that collateral estoppel cannot be applied, as she did not have a full and fair opportunity to litigate the issues due to incompetence of counsel. She offers statements from her former attorney, and cites his failure to respond to motions and discovery early on in this litigation. However, because this issue was raised in the reply brief, we will not consider it here. *See State v. Makarchuk*, 2009 MT 82, ¶ 19, 349 Mont. 507, 204 P.3d 1213 ("[W]e will not address the merits of an issue presented for the first time in a reply brief on appeal.") (citation omitted).

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. The District Court's interpretation and application of the law were correct.

¶15 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA