FILED

04/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0126

DA 23-0126

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 84N

WAYNE W. FIBKE, SPIRITS FLORIDA, INC.,
JIM EDWARDS, and J.E. REAL ESTATE HOLDING, INC.,

      Plaintiffs and Appellants,

   v.

KIP K HOLDING COMPANY, LLC, d/b/a Precious
Vodka, a/k/a Precious Vodka Spirits, a Montana
Limited Liability Company; CLIFFORD "KIP" KIMERLY,
and JOHN DOES I-V,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DV-17-951
                   Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Tim E. Dailey, Milodragovich, Dale & Steinbrenner, P.C., Missoula,
          Montana

      For Appellee:

          Gregory A. McDonnell, Orr McDonnell Law, PLLC, Missoula, Montana

                       Submitted on Briefs:  October 18, 2023

                                Decided:  April 23, 2024

Filed:

                         _____
                                 Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Wayne Fibke Spirits, Spirits Florida, Inc., Jim Edwards, and J.E. Real Estate Holding, Inc. (collectively "Fibke") appeals from the Fourth Judicial District Court order setting aside the default and default judgment entered against Appellees Kip K Holding Company, LLC, doing business as Precious Vodka, Clifford "Kip" Kimerly, and John Does I-V, (collectively "Kimerly").  We affirm.

¶3    This matter follows a contract dispute between Fibke and Kimerly entered on April 15, 2015.  Fibke filed suit in 2017 alleging breach of contract and other related claims.  After years of litigation, on July 12, 2022, the District Court granted Kimerly's former counsel's motion to withdraw.  Fibke filed a Rule 10 Notice which was personally served on Kimerly on September 9, 2022.  On October 4, 2022, after receiving no response within the time allowed under Rule 10, Fibke requested entry of default and default judgment.  After Kimerly failed to appear at an October 20, 2022 status conference to discuss the request for default judgment, the District Court entered default and default judgment in the amount of $739,738.97.

¶4    On December 27, 2022, Kimerly's present counsel filed a Notice of Appearance and filed a Verified Motion to Set Aside Default, Default Judgment, and Brief in Support.  After these motions were filed, the Hon. John Larson requested that the Hon. Leslie Halligan

assume jurisdiction of the matter. By order entered on January 30, 2023, Judge Halligan granted the motion to set aside the October 20, 2022 entry of default and default judgment.

¶5 We review a district court's ruling to grant a motion to set aside a default and default judgment for a manifest abuse of discretion. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 17, 338 Mont. 423, 166 P.3d 451 (citing *Lords v. Newman*, 212 Mont. 359, 363, 688 P.2d 290, 293 (1984)). A manifest abuse of discretion is one that is obvious, evident, or unmistakable. *Netzer Law Office, P.C. v. State*, 2022 MT 234, ¶ 9, 410 Mont. 513, 520 P.3d 335. Every litigated case should be tried on the merits, and judgments by default are not favored. *Essex Ins. Co.*, ¶ 17 (internal citations omitted).

¶6 A district court may set aside a default judgment in accordance with M. R. Civ. P. 60(b) for several reasons, including if applying a default judgment prospectively is no longer equitable. M. R. Civ. P. Rule 60(b)(5). M. R. Civ. P. Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." M. R. Civ. P. 60 provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" if a motion is made no more than a year after the entry of judgment. M. R. Civ. P. 60(b)(1), (c)(1).

¶7 A defaulting party must show "good cause" subject to the four-part test articulated in *Blume v. Metropolitan Life Ins. Co.*, 242 Mont. 465, 791 P.2d 784 (1990), overruled in part on other grounds by *JAS, Inc. v. Eisele*, 2014 MT 77, ¶ 34, 374 Mont. 312, 321 P.3d 113 (determining the Court in *Blume* erred to the extent that it imported the Rule 55(c) good cause standard into its analysis of a default judgment). Under the *Blume* test, a

defaulting party shows "good cause" when: "(1) the defaulting party proceeded with diligence; (2) the defaulting party's neglect was excusable; (3) the judgment, if permitted to stand, will affect the defaulting party injuriously; and (4) the defaulting party has a meritorious defense to plaintiff's cause of action." *JAS*, ¶ 34.

¶8 The sole dispositive issue is whether the District Court manifestly abused its discretion when it evaluated the requisite *Blume* factors. At the outset of its Order, the District Court expressed concern that "[d]espite years of litigation, Plaintiffs appear to have received these beneficial orders by simply asking for them in motions to which Defendants did not respond." Seizing on this comment, Fibke argues the District Court erred by raising *sua sponte* a dispositive issue upon which it exclusively relied in granting the motion to set aside the entry of default and default judgment. This is incorrect. Immediately after expressing its concern regarding the basis upon which the default was granted, the District Court noted: "While an unanswered motion is to be deemed well taken, a court still has an obligation to rule in accordance with the facts and the law." The District Court then proceeded to address whether the Defendants have satisfied the elements necessary for vacation of both the default and the default judgment. The District Court held:

> On review of the evidence presented, the Court finds Defendants to have satisfied the elements necessary for vacation of both the default and the default judgment. Defendants proceeded with reasonable diligence, their neglect was sufficiently excusable, they may have a meritorious defense, and the $739,738.97 (plus) amount of the default judgment is clearly injurious under the circumstances. The Court shall thus grant the Motion.

¶9 While the District Court's analysis is concise, our review of the record reveals no obvious, evident, or unmistakable error in the District Court's conclusion that Defendants

4

satisfied the *Blume* factors. *See Netzer Law Office,* ¶ 9. The District Court did not manifestly abuse its discretion in setting aside the default judgment.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not a manifest abuse of discretion.

¶11    Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE